[No. 25556. Department One. August 5, 1935.]

A. B. Moe, *Appellant,* v. Willard Brumfield *et al., Respondents.*[1]

*Walter H. Hodge* and *Medley & Hanley,* for appellant.

*W. Brumfield,* for respondents.

Main, J.—This action was brought to foreclose a lien for local improvements. To the complaint, as amended, a demurrer was interposed and sustained. The plaintiff refused to plead further and elected to stand upon his complaint. From the judgment entered dismissing the action, the plaintiff appeals.

[1]Reported in 47 P. (2d) 847.

Sometime prior to the year 1922, the city of Port Angeles created an improvement district for the purpose of improving certain streets of the city, for the payment of which it issued bonds, a number of which the appellant owns and in this action seeks to foreclose. There are here involved two lots which were within the improvement district, upon both of which there had been foreclosure by Clallam county, in which the city of Port Angeles is located, for general taxes, and deeds had been issued to the county. The foreclosure of one was in the year 1927 and the other in 1928.

Prior to the foreclosure, the record title of one stood in the name of the respondent May Brumfield and was assessed to her. The other stood in the name of a business partner of the respondent H. M. Fisher. Subsequently, the county sold and deeded one of the lots to Willard Brumfield, the husband of May Brumfield, in whom, as said, the record title stood before the foreclosure for general taxes. The other was sold to H. M. Fisher, who, as indicated, was the business partner of one C. J. Farmer, to whom the property had been assessed, and he was the owner thereof prior to the foreclosure by the county for delinquent general taxes.

The question for determination is whether, when the properties were sold and deeded by the county, subsequent to the time it had acquired deeds therefor, the purchasers and vendees took the same subject to the lien for local improvements. The appellant says that Willard Brumfield, being the husband of May Brumfield, to whom the property had been assessed and in whom was the record title, took the same from the county subject to the local improvement lien, and that H. M. Fisher also took his conveyance subject to the local improvement lien. The argument in support of this contention is based on the assumption that

Brumfield and Fisher were bidders at a tax foreclosure sale, and that, the relations of one being a partner to the prior owner and the other being the husband of the other prior owner, they could not acquire title by virtue of being bidders at the sale.

Attention should be distinctly called to the fact that neither Fisher nor Brumfield was a bidder at the tax foreclosure sale by the county, but that, subsequent to the time that the lien for general taxes had been foreclosed and deeds issued to the county, the properties were sold by the county and conveyed by deeds to the respective parties.

Rem. Rev. Stat., § 9393 [P. C. § 1028], in part, provides that, in any case where any property at a general tax foreclosure sale shall be struck off to, or bought in by, the county, and such property shall subsequently be sold by the county,

"The proceeds of such sale shall first be applied to discharge in full the lien or liens for general taxes for which the same was sold, and the remainder, or such portion thereof as may be necessary shall be paid to the city to discharge all local assessment liens upon such property, and the surplus, if any, shall be distributed among the proper county funds."

Construing this statute, it has been held that, after the property has been sold to the county and a deed issued to it, and it subsequently sells it, a new title thereto is initiated. By such resale, the lien for the local improvements is transferred from the property to the funds acquired by the resale, and the local improvement lien will be preserved up to the point where to further preserve it would require a sacrifice by the county or state. *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1; *Tacoma v. Fletcher Realty Co.,* 150 Wash. 33, 272 Pac. 43.

If, when the property is resold by the county, it remains subject to the lien for local improvements, this

would demand a sacrifice by the county, because in such event the county might not, and in many cases in all probability would not, receive sufficient money to pay what was due it for general taxes. One who receives from the county a deed to property sold to it for delinquent taxes, takes the property under the same conditions as the county held it, and subject to the same equities and defenses. 3. Cooley on Taxation (4th ed.), p. 2877. It follows from what has been said that the appellant did not have the right to foreclose the local improvement lien against the properties in question.

What the legal effect would have been had Brumfield and Fisher been bidders at the foreclosure sale conducted by the county for delinquent taxes, and had acquired their titles in consequence thereof, is not before us at this time, and we express no opinion upon that question.

The judgment will be affirmed.

BLAKE, TOLMAN, BEALS, and GERAGHTY, JJ., concur.