[No. 28573. Department Two. February 25, 1942.]

W. P. THESTRUP *et al., Respondents,* v. GRAYS HARBOR COUNTY *et al., Appellants.*[1]

[1]Reported in 122 P. (2d) 797.

*Stanley J. Krause* and *Paul O. Manley,* for appellants.

*Hogan & Adams,* for respondents.

BLAKE, J.—December 30, 1939, Grays Harbor county acquired title to the following described property by general tax foreclosure proceedings:

Lot 15, Block 19, and Lot 18, Block 7, of the Townsite of Pacific Beach, according to the recorded plat thereof on file in the office of the Auditor of Grays Harbor County, Washington.

June 8, 1940, the property was offered for sale pursuant to statutes authorizing the county to resell property so acquired. The property was struck off to plaintiff W. P. Thestrup as the highest and best bidder at the sale. The county treasurer delivered deeds to plaintiff conveying a title subject to the lien "of any or all . . . drainage or sewerage improvement district assessments outstanding against said real estate."

The only drainage or sewerage district assessments outstanding at the time of resale were sewerage assessments levied by sewerage district No. 5, which were long past due at the time the county acquired title in the foreclosure proceedings. Plaintiffs brought this action to quiet title against such assessments and for cancellation of the above-quoted provision in the deeds. From a decree quieting title and canceling that provision in the deeds, defendants appeal.

It has long been established by the decisions of this court that, in the absence of exception made by legislative enactment, a purchaser at resale of property acquired by a county through the foreclosure of a general tax lien takes title free from the lien of all

local improvement assessments past due. *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1; *Tacoma v. Fletcher Realty* Co., 150 Wash. 33, 272 Pac. 43; *Nearhoff v. Rucker,* 156 Wash. 621, 287 Pac. 658; *Moe v. Brumfield,* 182 Wash. 608, 47 P. (2d) 847. See, also, *Walla Walla v. State,* 197 Wash. 357, 85 P. (2d) 676, 119 A. L. R. 1327; *Gengler v. King County, ante* p. 227, 121 P. (2d) 346.

Appellants contend that the rule has no application in this instance, because, in ordering the sale, the county commissioners authorized the property to be sold for a less sum than the amount of the general taxes, together with sewerage assessments due at the time of the sale. The contention is based upon Rem. Rev. Stat., § 4439-4 [P. C. § 1945-86c], which, so far as pertinent to the issue, provides:

"Property subject to a drainage or diking or sewerage improvement district assessment, acquired by a county pursuant to a foreclosure and sale for general taxes, when offered for sale by the county, *shall be offered for the amount of the general taxes for which the same was struck off to the county, together with all drainage or diking or sewerage improvement district assessments or installments thereof, due at the time of such resale, including maintenance assessments, and supplemental assessments levied pursuant to the provisions of section 4439-6, coming due while the property was held in the name of the county;* and the property shall be sold subject to the lien of all drainage or diking or sewerage improvement district assessments or installments thereof not yet due at the time of such sale, and the notice of sale and deed shall so state. *Provided, that the county board may in its discretion, sell said property at a lesser sum than the amount for which the property is offered in the notice of sale.*" (Italics ours.)

It is conceded that, acting under the proviso, the county commissioners authorized the sale of the property for a sum less than the amount of the taxes and

the past due sewerage assessments. Appellants take the position that the declaratory clause was not complied with by offering the property for sale "for the amount of the general taxes . . . together with all drainage . . . or sewerage . . . assessments . . ."; and that, therefore, the power of the county board to sell it for a "lesser sum" was illegally exercised. In other words, appellants argue that the power vested in the board by the proviso to sell for a "lesser sum" is contingent upon an *offer* of sale in conformity to the provisions of the declaratory clause. For the purposes of this decision, the position may be conceded to be sound. In all other respects, the sale was admittedly regular. We are unable to find any evidence or any concession by respondents that the property was not *"offered for the amount of the general taxes . . . together with all drainage . . . or sewerage . . . assessments . . ."* as required by the statute.

██ The notice of sale was not introduced in evidence. Presumably, therefore, it conformed to the declaratory clause of the statute. *Goshert v. Wirth*, 130 Wash. 14, 226 Pac. 124; *School Dist. No. 88 v. Morgan*, 147 Wash. 321, 266 Pac. 150. The proviso clearly contemplates the *notice* of sale as the *offer* for sale. Assuming, as we must, that the notice of sale complied with the provisions of the declaratory clause, it follows that the county board, in authorizing the sale for a "lesser sum than the amount for which the property [was] offered" acted within the power vested in it by the proviso. Therefore, the rule laid down in the cases holding that the purchaser takes title free from past due local assessment liens is applicable.

Decree affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.