[No. 28674. Department One. June 15, 1942.]

ALBERT R. WOLFF *et al., Respondents,* v. COMMERCIAL
WATERWAY DISTRICT NO. 1 OF KING COUNTY
*et al., Appellants.*[1]

*Shorett, Shorett & Taylor,* for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Weter, Roberts & Shefelman,* for respondents.

MILLARD, J.—On November 18, 1924, a tax foreclosure judgment was entered foreclosing in the man-

'Reported in 127 P. (2d) 262.

ner provided by law the lien of delinquent and unpaid general taxes and, also, the amount of commercial waterway district No. 1 assessments against certain property in King county to the date of sale under the judgment. Pursuant to tax foreclosure sale, King county acquired title, in its name, to the land in question.

Thirteen years subsequent to acquisition by the county of title to the land in question, the county sold to Albert R. Wolff and wife a portion of that land for $435. At the time of this purchase, the general taxes then due against the land amounted to $53.81, and the balance of the entire amount of the assessments by the waterway district against the land amounted to $497.08; that is, the sale price of the property was 78.96 per cent of the total of $550.89 charged against the land on account of both general taxes and the waterway district assessments. The treasurer for King county apportioned the sale price so that 78.96 per cent of the assessment of $497.08, or $392.51, will be available to discharge the assessment of the waterway district, and $42.49 will be available to discharge the general taxes.

An action was commenced by Albert R. Wolff and wife against the waterway district, the commissioners of the district, King county, and the treasurer for King county for a declaratory judgment, decreeing that the above-described land purchased by them from King county is no longer subject to the lien of the assessments in favor of the district, notwithstanding the fact that the purchase price paid by them is less than the full amount of the taxes and the full amount of the assessments levied by the district. The cause was tried to the court, which found in favor of plaintiffs. The court reserved from consideration the method of computation to be used in prorating the resale proceeds be-

tween the county and the waterway district, but provided that, regardless of the method of computation used, the interest and title of the plaintiffs in the property would be unaffected thereby. From decree in consonance therewith, the waterway district and its commissioners appealed.

Counsel for appellants contend that a county is not authorized to sell, without the consent of the waterway district, real property taken in the name of the county upon foreclosure for delinquent general taxes and where there had been included in the delinquencies unpaid assessments by a commercial waterway district.

It is argued that, under the statute (Rem. Rev. Stat. § 9754 [P. C. § 1394]), while the lien of the waterway district is a local assessment lien, it is of equal rank with a general tax lien, which equality between waterway district assessments and general taxes is nullified if the county may sell tax title property without the consent of the waterway district.

It is the settled law of this state that, if a county purchases property at a foreclosure proceeding, as in the case at bar, and subsequently sells that property to a third party, the party purchasing from the county takes title free and clear of any kind or character of prior liens. *Moe v. Brumfield,* 182 Wash. 608, 47 P. (2d) 847; *Walla Walla v. State,* 197 Wash. 357, 85 P. (2d) 676, 119 A. L. R. 1327; *Thestrup v. Grays Harbor County,* 12 Wn. (2d) 545, 122 P. (2d) 797.

The county takes title at such foreclosure sale in trust for the state and the various taxing units within which the land lies. On sale of the land by the county to a third party, the proceeds from that sale shall be justly apportioned to the various funds entitled thereto. *State ex rel. King County Waterway*

*Dist. v. Stacy,* 10 Wn. (2d) 248, 116 P. (2d) 356; *Commercial Waterway Dist. v. King County,* 10 Wn. (2d) 474, 117 P. (2d) 189; *State ex rel. Seattle v. King County,* 4 Wn. (2d) 589, 104 P. (2d) 575; *Commercial Waterway Dist. v. King County,* 197 Wash. 441, 85 P. (2d) 1067; *Walla Walla v. State,* 197 Wash. 357, 85 P. (2d) 676.

██ The question presented in this case is foreclosed by our opinion in *Commercial Waterway Dist. v. King County,* 197 Wash. 441, 85 P. (2d) 1067, in which we reviewed our prior opinions and the statute applicable to the question, and held that the concurrence by the waterway district and its officers in the determination to sell the property acquired in the name of the county through foreclosure is not necessary. We stated that the fact that waterway districts are entitled under the statute to share *pro rata* in the proceeds of the sale of tax foreclosed property and the fact that waterway district assessments have the same priority over other liens as state, county, and city taxes have, do not authorize such districts to participate in selling the property, since such sale is merely one step in the collection of general taxes, and the sole authority to make such sales is vested by existing statutes in the county commissioners; that the district is not the owner of any interest in the land but is simply entitled to receive its *pro rata* portion of the proceeds of the property when the same is sold. The power of the trustee county to effect a resale is not contingent upon obtaining a buyer willing to pay such a price that a proportionate share thereof would discharge the district's assessments in full.

When property is acquired by the county for taxes, all taxes are canceled; and when the county resells the property, the disposition of the proceeds is controlled

by the statute (Rem. Rev. Stat., § 11293 [P. C. § 6882-132]) which provides for apportionment of such proceeds to the various funds existing at the date of sale. King county held the property in trust for itself and the commercial waterway district, and in the exercise of that trust the county treasurer, in conformity to the applicable statutory provisions, sold the property to respondents. The sale was free and clear of the liens of the county and of the waterway district, and the only interest of the district is to receive from the treasurer for King county its *pro rata* share of the proceeds of that sale when collected by the treasurer. The lien of the commercial waterway district, like the lien for general taxes, was discharged in full by the foreclosure sale under the provisions of Rem. Rev. Stat., § 11293. *State ex rel. Seattle v. King County,* 4 Wn. (2d) 589, 104 P. (2d) 575; *Commercial Waterway Dist. v. King County,* 197 Wash. 441, 85 P. (2d) 1067.

Counsel for appellants ask that *Commercial Waterway Dist. v. King County, supra,* be overruled. This we are not inclined to do, as we are convinced by our reexamination of the pertinent statutes and our prior and subsequent opinions of the correctness of the opinion challenged.

The judgment is affirmed.

ROBINSON, C. J., MAIN, SIMPSON, and DRIVER, JJ., concur.