[No. 33486. Department One. June 7, 1956.]

J. A. ANDERSON, *as Trustee, Appellant,* v. GRAYS HARBOR COUNTY, *Respondent.*[1]

*A. D. Gillies* and *John H. Kirkwood,* for appellant.

*Robert L. Charette,* for respondent.

SCHWELLENBACH, J.—This is an action to recover a yield tax of $3,387.63, due under the reforestation act, paid under protest by the Albie Logging Company. Judgment of dismissal was entered after trial to the court and this appeal follows.

The reforestation act was enacted as chapter 40, Laws of 1931, p. 117. (We do not cite RCW 84.28 because it was apparently an attempt to rewrite the act.) The act was dis-

[1] Reported in 297 P. (2d) 1114.

cussed in *State ex rel. Mason County Logging Company v. Wiley*, 177 Wash. 65, 31 P. (2d) 539; and *State v. Dexter*, 32 Wn. (2d) 551, 202 P. (2d) 906, 13 A. L. R. (2d) 1081. The purpose of the act is to "encourage reforestation and to protect and promote the growth of new forests on lands chiefly valuable for that purpose in order that they may be restored to the economical and industrial life of the state."

Section 7 provides that all lands classified as reforestation lands lying west of the Cascade mountains are to be assessed for purposes of taxation at one dollar per acre. Section 10, as amended by § 33, chapter 206, Laws of 1939, p. 720, provides that, whenever the whole or any part of the forest crop shall be cut upon any lands classified and assessed as reforestation lands, the owner of the lands shall, on or before January first of each year, report to the state forest board and the assessor of the county where the lands are located the amount of such forest crop cut during the preceding year. The board shall determine the full current stumpage rates for the timber or forest crop cut, and shall notify the assessor of the rates so fixed. The assessor shall thereupon compute, and there shall become due and payable from the owner, a yield tax equal to twelve and one-half per cent of the market value of the timber or forest crop so cut.

The land involved is the north half of the southwest quarter of section 19 and all of section 30, township 16 north, range 10 west, W.W.M. It was classified as reforestation land by the tax commission and certified as such to the assessor of Grays Harbor county in 1932. Records from the assessor's office in evidence show that, from 1934 to 1937, the northeast quarter of the southwest quarter of section 19, and all of section 30, were assessed at one dollar per acre; and that the northwest quarter of the southwest quarter was assessed at that valuation from 1935 to 1937.

In 1939, the county brought a tax foreclosure suit against the then owner of the lands for unpaid general taxes. Judgment was for the county, which bid in and purchased the property. The Albie Company's predecessor in interest

purchased from the county and received deeds which made no reservation as to taxes other than local assessments due after the sale date and sewerage assessments then outstanding against the property.

The record does not show the date of purchase by the Albie Company, but it is clear that it held title in 1948 and continued to do so to the time of trial. During 1948, the company was informed through the forestry department that the property was classified as reforestation land. It thereafter received a cutting permit, posted a bond, and commenced cutting. September 18, 1953, the company filed a cutting report covering operations in 1948, 1949, and 1950, and the county assessor computed the amount of the "yield tax" due. The company paid under protest on October 3, 1953, and commenced this action.

Appellant contends that it is fundamental that if a county, after purchasing property at a general tax foreclosure sale for want of other purchasers, subsequently sells it to a third party, a new title is thereby initiated and created, and the purchaser from the county takes title free and clear of any kind or character of prior liens, citing *Walla Walla v. State,* 197 Wash. 357, 85 P. (2d) 676, 119 A. L. R. 1327; *Moe v. Brumfield,* 182 Wash. 608, 47 P. (2d) 847; *Nearhoff v. Rucker,* 156 Wash. 621, 287 Pac. 658; and *Tacoma v. Fletcher Realty Co.,* 150 Wash. 33, 272 Pac. 43. We agree with that statement. When appellant's predecessor in interest purchased the property from the county, it took title free and clear from any liens then existing against the property.

However, a classification of lands as reforestation lands is not a lien. A lien is an encumbrance upon property as security for the payment of a debt. See *Swanson v. Graham,* 27 Wn. (2d) 590, 179 P. (2d) 288. This property, when purchased by appellant's predecessor in interest from the county, was not encumbered. It merely was classified—it had a status—as reforestation lands. Sections 4 and 5 of the act as amended by §§ 2 and 3, chapter 172, Laws of 1951, p. 471, provide for the removal from the classification

under certain circumstances on petition of the board or on petition of taxpayers. Land having been classified as forest land, it retains that classification until removed by this procedure.

Furthermore, the company was notified in 1948 that the property was classified as reforestation lands. It was subsequent to that time that the company obtained a permit, furnished a bond, and commenced cutting. Appellant cannot be heard to say that it was acting without notice.

The "yield tax" of which appellant is complaining, covered operations in 1948, 1949, and 1950. Under § 12 of the act, it did not become a lien against the land until after the company, on September 18, 1953, filed a cutting report covering its operations covering those years.

Error is assigned to the giving of finding of fact No. 8:

"That plaintiff received benefits by virtue of the Reforestation Act, RCW Chapter 84.28."

We do not believe that that finding was necessary for a decision of the case and will not discuss it.

The judgment is affirmed.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.

July 6, 1956. Petition for rehearing denied.