[No. 3962–II.   Division Two.   August 25, 1980.]

MARIE KINNE, *Respondent,* v. BETTIE L. KINNE, *Individually and as Executrix, Appellant.*

*Ernest L. Meyer,* for appellant.

*Trena B. Worthington,* for respondent.

PEARSON, A.C.J.—Bettie Kinne, surviving spouse of LeRoy Kinne, appeals from a summary judgment in favor of Kinne's ex–wife, Marie. The issue on appeal is whether a claim for payments chargeable against Kinne's estate under his dissolution property settlement constitutes a lien against the second spouse's award in lieu of homestead and family allowance. We hold that it does not; thus we reverse the summary judgment.

Marie and LeRoy Kinne were divorced on July 22, 1969. The dissolution decree incorporated a property settlement agreement entered into by Marie and LeRoy on April 24, 1969. By its terms LeRoy agreed to pay Marie $200 a month, less her monthly social security payment, until she remarried or had an independent income of $200 per month. The agreement provided that this payment was to be considered property, not alimony; that it would become a charge against LeRoy's estate in the event of his death. On July 28, 1969, LeRoy married Bettie Kinne. On May 4, 1970, LeRoy and Bettie entered into a community property agreement purporting to transfer all of LeRoy's property upon his death to Bettie. The community property agreement was filed and recorded in 1971.

LeRoy died testate in 1977. He had made all monthly payments required by the property settlement agreement with Marie, but the payments stopped at his death. In order to secure her monthly payments, Marie brought suit in Superior Court on May 3, 1977, seeking to impress a lien in her favor upon the property of LeRoy in the hands of Bettie.

On June 6, 1977, some 3 months after LeRoy's death, defendant prayed that the will be admitted to probate. The will provided that his entire estate pass to his surviving spouse, defendant, and made no reference to his property settlement agreement with plaintiff. Without personal notice to plaintiff or her attorney, defendant applied for an award in lieu of homestead and a substantial family allowance, which were granted. On August 23, 1977, she filed a disclaimer of any interest to which she may have been entitled under the community property agreement.

In 1979 plaintiff petitioned the Superior Court for summary judgment on her complaint, in which she set forth her social security payments as her only income and the fact that payments from LeRoy or his estate had not been made. The trial court granted plaintiff summary judgment in the amount of $2,144.40 for the payments due her after LeRoy's death. In addition, plaintiff was awarded $7,553.30 for future payments, computed from the tables of the Washington State Retirement Board. The judgment provided that these amounts constituted a lien upon the real estate awarded to defendant in lieu of homestead and upon her family allowance.

RCW 11.52.010 provides in part:

If . . . no homestead has been claimed . . . either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, *shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not*

*exceeding the value of twenty thousand dollars at the time of death . . .*

(Italics ours.) RCW 11.52.016 exempts such awards

from all claims for the payment of any debt of the deceased or of the surviving spouse existing at the time of death, whether such debt be individual or community.

In addition, RCW 11.52.040 provides for a family allowance award "in preference to all other charges, except funeral charges, expenses of last sickness and expenses of administration."

Defendant concedes that after the awards made to her pursuant to the above statutes, there is nothing left in the estate with which to pay the amounts due plaintiff under the property settlement agreement, but she contends that plaintiff has no greater claim than any other creditor in the property set aside under RCW 11.52.010 and 11.52.040. We agree that unless plaintiff established that the divorce decree established a "lien" on the property in question the award in lieu of homestead and family allowance created superior rights in the surviving spouse.

A "lien" is an encumbrance upon property as security for the payment of a debt. *Sullins v. Sullins,* 65 Wn.2d 283, 396 P.2d 886 (1964); *Anderson v. Grays Harbor County,* 49 Wn.2d 89, 297 P.2d 1114 (1956). Plaintiff's property settlement agreement and the decree, among other things, expressly imposed a lien on real estate owned by the parties to secure a lump sum payment to plaintiff, separate from the monthly payments at issue here.[1] In contrast, the property settlement agreement made Kinne's monthly payments to plaintiff a "charge" against Kinne's estate. It was early decided in this state that a decree for alimony creates no lien upon the real property of the defendant, unless the decree fastens itself upon some particular property. *Swanson v. Graham,* 27 Wn.2d 590, 179 P.2d 288 (1947). We recognize that the payments at issue here constitute a

---

[1]The sums this lien secured were subsequently paid by LeRoy Kinne, and plaintiff's receipt and release of the lien were filed in 1973.

property settlement rather than alimony, under *Kinne v. Kinne,* 82 Wn.2d 360, 510 P.2d 814 (1973). But the reasoning of *Swanson v. Graham, supra,* is no less applicable to payments in the nature of property settlement.

> At the time a judgment providing for future payments of alimony installments is entered, there is no debt due. There is nothing to secure. There is nothing for which a lien could come into being. (The situation would be different, of course, if the judgment provided for alimony in a lump sum.) As the installments accrue and are unpaid, they become judgments. But such judgments do not become statutory liens.

*Swanson v. Graham, supra* at 597.

██ There are other theories, as plaintiff points out, upon which her claim could be grounded; *i.e.,* an equitable lien or constructive trust theory. We do not think those theories are applicable here. Although no particular form is required to give rise to an equitable lien, the parties must have intended to impress a particular fund or thing with a charge as security for an underlying debt or obligation. *Monegan v. Pacific Nat'l Bank,* 16 Wn. App. 280, 556 P.2d 226 (1976). Again, the property settlement agreement and the decree in the present case named no "particular fund or thing" as security for future payments to plaintiff. On the other hand, a constructive trust will be found, despite the absence of fraud or wrongdoing, when property is acquired under circumstances such that the holder of legal title would be unjustly enriched at the expense of another party at interest. *Scymanski v. Dufault,* 80 Wn.2d 77, 491 P.2d 1050 (1971); *Mehelich v. Mehelich,* 7 Wn. App. 545, 500 P.2d 779 (1972). But we do not think that the awarding of a homestead or statutory family allowance to a surviving spouse constitutes either fraud or unjust enrichment at the expense of plaintiff or any other creditor of the estate. To hold otherwise would conflict with the legislature's intent to exempt such awards from *all* claims for the payment of any debt of the deceased, with specific exceptions not claimed here.

We reverse the summary judgment and hold that the statutory awards to defendant from LeRoy Kinne's estate are exempt as a matter of law from plaintiff's claim for monthly payments under the property settlement agreement.

CALLOW and PETRICH, JJ., concur.

Reconsideration denied September 25, 1980.

Review denied by Supreme Court January 19, 1981.