FRANKLIN BANK AND TRUST COM-
PANY, Appellant-Defendant,

v.

Ruth E. REED, Appellee-Plaintiff.

No. 73S01–8706–CV–565.

Supreme Court of Indiana.

June 10, 1987.

Stephen L. Huddleston, Clarke House, Franklin, for appellant-defendant.

Marshall, Thomasson & Garber, Michael Thomasson, C. Richard Marshall, Columbus, for appellee-plaintiff.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the First District Court of Appeals. Petition is brought by Plaintiff-Appellee Ruth E. Reed (Ruth) concerning the priority of a judgment lien rendered in a dissolution of marriage action. The trial court found Ruth's judgment lien had priority over Defendant-Appellant Franklin Bank and Trust Company (Bank). The Court of Appeals reversed this judgment finding that no judgment lien attached to the property of Ruth's former husband (Owen) and ordered judgment in favor of the Bank. *Franklin Bank & Trust Co. v. Reed* (1986), Ind.App., 496 N.E.2d 596, 602. We hold the trial court properly interpreted the law regarding judgment liens. We accordingly vacate the opinion of the Court of Appeals with regard to the issue designated as Issue I in their opinion, and affirm the trial court. Transfer is not sought on Issue II concerning a continuing guarantee executed by Ruth for Owen's debts during their marriage, and therefore, the Court of Appeals opinion on that issue is affirmed pursuant to Ind.R.App.P. 11(B)(3).

Resolution of this issue requires interpretation of the general judgment lien statute, Ind.Code § 34-1-45-2 (Burns 1986), and the marriage dissolution statute, Ind.Code § 31-1-11.5-15 (Burns 1980).

The facts summarized by the Court of Appeals are as follows:

"On August 6, 1979, the Bartholomew Circuit Court entered a decree of dissolution of marriage dissolving the marriage between Ruth and her husband, Owen H. Reed (Owen). By the terms of the decree, Owen, among other things, was awarded the equity in real estate located in Johnson County which had been purchased by Ruth and him under a conditional sales contract from Jarvis and Murial Alexander. Ruth was awarded certain enumerated properties, and in addition thereto, in order to equalize property distribution, the court awarded Ruth an alimony judgment in the sum of $170,-000.00 payable as follows: $20,000.00 payable on or before September 15, 1979; and payments of $30,000.00 each, payable on January 1 in each of the years 1980, 1982, 1983 and 1984. The decree made no provision establishing the judgment as a lien on any property awarded Owen to secure the payment of the alimony judgment, nor did the decree specifically award him the Alexander property free of a lien.

Owen made the September 15, 1979, and the January 1, 1980, payments but defaulted on the January 1, 1981 payment. Ruth recorded a certified copy of the decree in Johnson County on February 23, 1981, and on March 18, 1981, commenced proceedings supplemental. On June 9, 1981, the Bartholomew Circuit Court issued an order to the Sheriff of Johnson County to seize and sell, among other things, the Alexander real estate to help raise the $30,000.00 and apply the proceeds to the defaulted payment. It does not appear that any levy was ever made on the property because before the levy could be imposed, Ruth agreed with Owen that she would withhold execution if he would catch up on the payments in three $10,000.00 installments. Owen paid $20,000.00 in 1981 but again defaulted.

Thereafter, on December 5, 1981, Owen made an assignment of the Alexander real estate to the Bank to be applied on his debts there. On February 19, 1981, Ruth caused the execution to be reinstated. In July, 1982, Owen filed for bankruptcy." *Franklin Bank*, 496 N.E.2d at 598.

It is the Bank's contention that the marriage dissolution section, Ind.Code § 31–1–11.5–15, governs this matter exclusively and since the trial court failed to establish a lien, none exists. Ruth's contention is that a judgment lien exists by virtue of the general lien statute, Ind.Code § 34–1–45–2 and therefore she is entitled to priority over any interest obtained by the Bank as a result of Owen's subsequent assignment of his equitable interest in the Alexander property. Ruth reasons that prior to the advent of the new dissolution act, the prior act, Ind.Code § 31–1–12–17 (Burns 1973), expressly obviated the applicability of a judgment lien on money judgments paid by installments unless the court specifically created such a lien. However, the new dissolution statutes do not contain this prohibition. She urges that Ind.Code § 31–1–11.5–15 was noticeably shorn of that negative language, thus giving rise to the interpretation that the Legislature intended to allow a judgment to apply automatically unless a lower court, through its inherent power, eliminated the lien. Therefore, Ruth reasons the judgment lien statute and the dissolution statute are complementary and should not be interpreted as mutually exclusive. We agree with this interpretation of the above statutes.

The general judgment lien statute, Ind. Code § 34–1–45–2 provides as follows:

> **"Lien upon real estate—Limitation of lien.**—All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction sitting in the state of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to execution in the county where, and only where, such judgment has been duly entered and indexed in the judgment docket as provided by law, from and after the time the same shall have been so entered and indexed, and until the expiration of ten [10] years from the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction or by the death of the defendant, or by agreement of the parties entered of record."

Ind.Code § 31–1–11.5–11(b)(2) of our dissolution statutes allows the trial court to order one spouse to pay the other a sum of alimony "either in gross or in installments." Thereafter, Ind.Code § 31–1–11.5–15 provides:

> **"Security for payment.**—Upon entering an order pursuant to section 11 or 12 [13–1–11.5–11 or 31–1–11.5–12] of this chapter, the court may provide for such security, bond or other guarantee that shall be satisfactory to the court to secure the obligation to make child support payments or to secure the division of property."

The previous dissolution statute, Ind.Code § 31–1–12–17, enacted in 1969 and effective until the Dissolution of Marriage Act of 1973, in referring to division of marital property in a dissolution judgment provided:

> "Said judgment shall be a lien upon the real estate and chattels real of the spouse liable therefor to the extent that it is payable immediately but shall not be such a lien to the extent that it is payable in the future unless and to the extent such decree so provides expressly...."

The difference between the new statute and the old is that the new statute was stripped of its tag line concerning the applicability of judgment liens to future payments. The former statute found it necessary to eliminate the automatic application of a judgment lien to real estate where the money judgment was to be paid in installments. The Court of Appeals takes the position that this is a distinction without a difference; that there is no material or substantial divergence in intent, effect, or import between the old and the new. *Franklin Bank* at 602. We think such an interpretation of the statutes, that the lien on future payments is of no consequence, would render that language a superfluity. It is apparent the Legislature intended something by placing the language in the former statute, and by the same token intended a policy change by deleting it. We recognize it as a change of direction on the

Legislature's part and conclude that the Legislature intended a judgment lien to exist automatically, except where the exercise of the court's discretion would specifically eliminate it. That appears to be the finding of the Court of Appeals in *Bell v. Bingham* (1985), Ind.App., 484 N.E.2d 624, wherein the *Bell* court held that more than one statute regulated the manner in which certain creditors are assured payment of their money judgments. The court there referred to the very statutes here under discussion. The *Bell* court found that a dissolution court possessed the inherent power to expressly eliminate the otherwise automatic applicability of the judgment lien statute and that the trial court in *Bell* had, in fact, expressly eliminated such a lien. *Bell*, 484 N.E.2d at 627–28.

We find it unnecessary to distinguish *Uhrich v. Uhrich* (1977), 173 Ind.App. 133, 362 N.E.2d 1163 since it was based on an interpretation of the old statute and does not directly respond to the fact situation of the instant cause. However, to the extent *Uhrich* might be interpreted to be in conflict with our holding here, it is expressly overruled. It is clear the Legislature intended Ind.Code § 31–1–11.5–15 to give the dissolution court power to enforce its orders providing for division of the parties' property by ordering security bond or other guarantee. The court has many forms of security from which to choose in order to protect one or the other of the parties in their share of the property and yet sever the relationship of the parties to each other. The court also has the power to completely sever the interests of the parties in each other's share including any lien interest arising under Ind.Code § 34–1–45–2. Since § 34–1–45–2 is general in its application, however, giving a judgment lien to one obtaining a judgment in any action, such a lien is not automatically eliminated by the dissolution statute. Rather, the dissolution statute gives the court authority to overcome the judgment lien, or to augment it, or to limit it. But silence of the court does not eliminate the automatic provision in the judgment lien statute. The court may exercise its inherent power and eliminate a judgment lien only by positive action. There was no such action here.

Appellee's Petition to Transfer is hereby granted, the Court of Appeals' decision is vacated, and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.