Doneva J. (Hicks) PENIX,
Appellant–Petitioner,

v.

Charles W. HICKS, Appellee–
Respondent.

No. 64A03–9303–CV–78.

Court of Appeals of Indiana,
Third District.

Aug. 12, 1993.

George R. Livarchik, Valparaiso, for appellant-petitioner.

Eugene C. Ryding, Portage, for appellee-respondent.

GARRARD, Judge.

On April 22, 1983 the court entered judgment dissolving the marriage of appellant Penix and Charles Hicks. The judgment awarded certain tenancy-by-the-entireties real estate to Charles and awarded to Penix judgment against him for $12,300 with interest thereon until paid at the rate of 12% per annum. This judgment was entered on the judgment docket.

In May 1985, Penix filed a motion seeking a declaration as to whether the money judgment in her favor represented a "secured lien interest" against the real estate of Charles. The court's commissioner determined that it did not and in November 1992 the court issued its order ratifying and approving the commissioner's determination.

On appeal Penix, relying upon *Franklin Bank & Trust Co. v. Reed* (1987) Ind., 508 N.E.2d 1256, urges that this was error. The appellee filed no brief. Although its mention is omitted from appellant's brief, we also note that the "motion for declaratory judgment" filed by Penix alleged that Charles had filed a voluntary petition in bankruptcy.

IC 34–1–45–2 provides that all final judgments for the recovery of money shall be a lien upon the real estate and chattels real liable to execution in the county where the judgment has been duly entered and indexed in the judgment docket for a period of ten years from and after the judgment is so entered.

IC 31–1–11.5–15 provides that in marriage dissolutions, upon entering an order for child support or property disposition, the court may "provide for such security, bond or other guarantee that shall be satisfactory to the court to secure the obligation or division of property". The plain language of the provision permits the court to create security interests to protect the effects of its decrees.

In *Franklin Bank* our supreme court reconciled the effects of these provisions. It determined that the statutes are compatible and that the Legislature intended a judgment lien (IC 34–1–45–2) to exist automatically, except where the exercise of the court's discretion (pursuant to IC 31–1–11.5–15) would specifically eliminate it. 508 N.E.2d at 1259. The court also recognized the validity of prior cases which determined that under IC 31–1–11.5–15, by express determination the dissolution court could eliminate the lien effect of IC 34–1–45–2. *Id.*

The dissolution decree in this case did not purport to create any special security interest in favor of Penix to secure payment of the obligation imposed upon Charles. Neither did it in any manner purport to relieve Charles of the regular impact of the judgment lien statute. From *Franklin Bank* it follows that the judgment created the general lien afforded by IC 34–1–45–2. We have not been asked to address the question of whether that judgment lien is avoidable in bankruptcy as a judicial lien, and we do not do so. *See,* however, *Farrey v. Sanderfoot* (1991) — U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337.

We do determine that the only lien created by the judgment was that pursuant to the general judgment lien statute. In that sense the order appealed from which determined that the judgment entered on dissolution "was unsecured" was error, although to the extent that the order was intended to simply reflect that no special security interest had been awarded pursuant to IC 31–1–11.5–15, it was absolutely correct.

Therefore, pursuant to Appellate Rule 15(E) & (N) we deem the judgment so amended and corrected. As amended and corrected the judgment is affirmed.

STATON and RUCKER, JJ., concur.