Ann Marie SIMONS, f/k/a Ann Marie Shiltz, Respondent,

v.

Bryan Lee SHILTZ, et al., Defendants,

Sterling State Bank, Appellant.

No. A06–1999.

Court of Appeals of Minnesota.

Dec. 4, 2007.

Mark W. Vyvyan, Sten–Erik Hoidal, Fredrickson & Byron, P.A., Minneapolis, MN, for respondent.

Eric D. Cook, Christina M. Weber, Wilford & Geske, P.A., Woodbury, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; KALITOWSKI, Judge; and CRIPPEN, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

ROSS, Judge.

Appellant Sterling State Bank and respondent Ann Marie Simons dispute the respective priorities of Simons's asserted lien on real property that was allegedly established by court order as considered against the bank's later mortgage on the property. The district court granted Simons's motion for summary judgment, applying language in *Oldewurtel v. Redding*, 421 N.W.2d 722 (Minn.1988), to hold that the order that purported to secure a monetary award with a security interest in specified real property created a valid lien. We affirm.

## FACTS

Ann Marie Simons and Bryan Lee Shiltz's marriage dissolved by decree in January 2002. The dissolution decree on which the district court entered its final judgment required Simons to convey her interest in the marital homestead to Shiltz in exchange for cash. The decree declared that the homestead "shall constitute security for [Shiltz's] property settlement payment obligation." The decree also ordered Shiltz to execute a second mortgage against the property in Simons's favor, which Shiltz never did, and it allowed Simons to foreclose if Shiltz defaulted on his payment obligation.

In March 2002 Shiltz obtained a loan from Sterling State Bank, which secured the loan with a mortgage against the property. Sterling recorded its mortgage on April 16, 2002. A month before Sterling recorded its mortgage, however, Simons had notified Sterling in writing of her claimed security interest in the property, and she quitclaimed her interest to Shiltz,

Minn. Const. art. VI, § 10.

reserving any lien she might have from the dissolution judgment. On April 16, before Sterling later recorded its mortgage that same day, Simons recorded the dissolution judgment and decree and the quitclaim deed. In May, Sterling took another mortgage on the property and soon recorded it also. Shiltz defaulted on his debts to Sterling and on his judgment obligation to Simons.

Simons brought this action asking the district court to declare her lien senior to Sterling's second mortgage. The district court granted summary judgment in Simons's favor, holding that the dissolution decree created a lien in favor of Simons and that her lien has priority over Sterling's second mortgage because Sterling obtained and recorded its mortgage after it had actual notice of Simons's lien. Sterling appeals, arguing that the decree did not create a lien.

## ISSUE

Does a district court order with language that expressly secures an award with an interest in real property create a lien that has priority over security interests later recorded by a creditor who had notice of the order?

## ANALYSIS

■ This case turns on whether the district court properly granted summary judgment when it ruled that the dissolution decree created a valid lien with priority over a subsequently recorded mortgage. We will affirm summary judgment if there are no issues of material fact and if the district court correctly applied the law. *See Thommes v. Milwaukee Ins. Co.*, 641 N.W.2d 877, 879 (Minn.2002). A fact is material if it affects the outcome of a case. *Zappa v. Fahey*, 310 Minn. 555, 556, 245 N.W.2d 258, 259–60 (1976).

■ Here, there are no disputed material facts. Sterling argues that there might be a disputed material fact as to whether Simons must subordinate her lien to the bank's second mortgage. The decree language requires Simons to subordinate her lien to a mortgage only if she were paid to satisfy Shiltz's obligation to her from the proceeds of that mortgage. Because Simons was not paid from the proceeds of Sterling's second mortgage, the question of subordination will not affect the case's outcome.

Our sole inquiry, therefore, is whether the district court's conclusions of law are sound. Both parties argue that *Oldewurtel v. Redding* is dispositive. 421 N.W.2d 722 (Minn.1988). We agree.

*Oldewurtel* is particularly persuasive because its facts closely mirror those of this case, and its legal analysis addresses the issue we face. Like the present case, *Oldewurtel* involved a priority dispute that focused on language in a dissolution decree. *Oldewurtel*, 421 N.W.2d at 724–26. A dissolution decree ordered Redding, Oldewurtel's husband, to pay Oldewurtel approximately $250,000. *Id.* The decree did not include language that purported to secure Oldewurtel's award with any interest in Redding's real property. *Id.* at 725. Redding later granted a mortgage on the property to a bank, and the bank recorded it promptly. *Id.* A priority dispute between Oldewurtel and the bank ensued, and the supreme court ruled in favor of the bank. *Id.* at 725, 728. It explained that the order contained no provision to secure Oldewurtel's award with Redding's property. But, critical here, it emphasized that "[h]ad such a provision been made ... Oldewurtel's lien would have arisen against [the bank] on that date." *Id.* at 727 n. 4 (emphasis added).

■ Though the supreme court's caveat in *Oldewurtel* is speculation and was not

essential to the court's holding, the supreme court's dicta are given "considerable weight." *In re Estate of Bush*, 302 Minn. 188, 207, 224 N.W.2d 489, 501 (1974). The *Oldewurtel* court clearly opined that a dissolution decree securing an award with an interest in real property gives rise to a lien on the date of the decree as against a secured creditor who obtained its interest after notice of the decree. A district court's power to create this kind of lien is consistent with the law of other jurisdictions. *See, e.g., Coon v. Coon*, 264 Ala. 127, 85 So.2d 430, 432 (1955) ("[A] decree without a provision that it shall be a lien ... does not ipso facto create a lien."), *reh'g denied* (Ala. Feb. 2, 1956); *First Cmty. Bank of Blanchard v. Hodges*, 907 P.2d 1047, 1051 (Okla.1995) ("[T]his Court has long held that a trial court may impose á decree-ordered lien against property to secure payment of alimony[, this] lien [is] created by force of judicial decree."); *Bryan v. Nelson*, 180 Ariz. 366, 884 P.2d 252, 253–54 (1994) ("[A] decree of dissolution can create a lien against real property."); *Dunn v. Thompson*, 174 Ill.App.3d 944, 124 Ill.Dec. 477, 529 N.E.2d 297, 300 (1988), *modified on denial of reh'g*, ("[A district court] order does not become a lien unless ... the decree itself recites that it shall become a lien."), *appeal denied*, 124 Ill.2d 554, 129 Ill.Dec. 148, 535 N.E.2d 913 (1989); *Penix v. Hicks*, 618 N.E.2d 1346, 1347 (Ind.Ct.App.1993) ("[A court may] create security interests to protect the effects of its decrees."); *Kinne v. Kinne*, 27 Wash.App. 158, 617 P.2d 442, 445 (1980) ("It was early decided in this state that a decree for alimony creates no lien ... unless the decree fastens itself upon some particular property."), *review denied* (Wash. Jan. 19, 1981). Following the dicta of *Oldewurtel*, we conclude that the district court rightly determined the priority of security interests in the real property. A court order that expressly secures a mone-

tary award with an interest in real property establishes a lien on the property that is superior to security interests later obtained and recorded by creditors who have notice of the judicial order that created the security interest. The dissolution decree secured Simons's interest before Sterling took its second mortgage. Simons gave the bank actual notice of her lien. She also provided record notice of her lien before the bank recorded its mortgages. *See* Minn.Stat. § 507.34 (2002) (establishing that the first party to record a lien has first priority). Simons's lien takes priority over the bank's second mortgage.

## DECISION

Because the decree created a lien in favor of Simons, and the bank had notice of the lien prior to obtaining its second mortgage, the district court properly ordered summary judgment in Simons's favor.

**Affirmed.**