# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| UNION BANK, N.A., | ) | |
| | ) | No. 72606-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| DANIEL GLAEFKE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 19, 2016 |

SPEARMAN, C.J. — Danial Glaefke executed a deed of trust on his home in favor of Union Bank, N.A., (Union Bank) to secure a loan. While the loan amount was still outstanding, the deed of trust was mistakenly reconveyed. Before the error was discovered, however, Glaefke filed for Chapter 7 bankruptcy. Union Bank filed a motion for relief from stay to foreclose on the deed of trust. When Union Bank discovered the error, it brought an action to rescind the reconveyance and reinstate the deed of trust. The trial court granted summary judgment in favor of Union Bank. Glaefke appeals, arguing that Union Bank's claim was discharged in bankruptcy. We affirm the trial court's order granting summary judgment, rescinding the reconveyance and reinstating the deed of trust.

FACTS

Danial Glaefke purchased real property located at 16341 Inglewood Place NE, Bothell, WA 98020 (Property) in August of 1989. On December 10, 2006 Glaefke executed a Promissory Note (Note) in the amount of $61,000 in favor of Frontier Bank. Union Bank was the successor in interest to Frontier Bank. The Note was secured by a deed of trust (Deed of Trust) for the Property recorded on February 8, 2008.

On January 24, 2012, a full reconveyance of the Deed of Trust was recorded in error. No explanation was given for the error nor the timing and circumstances of its discovery.[1] At the time the reconveyance was recorded, Glaefke owed approximately $41,061.80 in unpaid principal.

On March 12, 2013, Glaefke filed for Chapter 7 bankruptcy. Union Bank was listed as a secured creditor. Union Bank moved for relief from the automatic stay and was granted relief to foreclose upon the Property.

On June 26, 2013, Glaefke's debts were discharged. At some point Union Bank discovered that its Deed of Trust had been mistakenly reconveyed. Union Bank filed its Complaint for Rescission of Deed of Reconveyance and Reinstatement of Deed of Trust on April 10, 2014. Glaefke and Union Bank filed cross-motions for summary judgment. The trial court denied Glaekfe's motion and granted Union Bank's motion, entering a judgment that reinstated the Deed

---

[1] It is not discernible from the record how the reconveyance came to be recorded or the circumstances surrounding Union Bank's discovery of the recordation. It appears undisputed that Glaefke was also unaware of the recording of the reconveyance.

of Trust "to the same valid priority lien position on the Property, upon the same terms that the deed of trust enjoyed before the Reconveyance." Clerk's Papers (CP) at 252. Glaefke appeals.

## DISCUSSION

Whether a trial court's grant of summary judgment is proper is a question of law we review de novo. Hertog, ex rel. S.A.H. v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999) (citing Taggart v. State, 118 Wn.2d 195, 199, 822 P.2d 243 (1992); CR 56(c)). We engage in the same inquiry as the trial court, construing all facts and reasonable inferences from the facts in the light most favorable to the nonmoving party. Id. Whether a creditor's claim for equitable relief is discharged in bankruptcy is also a question of law that we review de novo. Crafts v. Pitts, 161 Wn.2d 16, 22, 162 P.3d 382 (2007).

Glaefke argues that the trial court erred when it failed to dismiss Union Bank's complaint. He does not dispute that the reconveyance of the Deed of Trust, releasing Union Bank's security interest in the property at issue, was inadvertent. And he concedes that generally, equitable principles allow a party to reinstate an inadvertently released security interest. But he claims the intervening bankruptcy proceeding, following the inadvertent reconveyance, discharged Union Bank's claim for reinstatement and rescission of the Deed of Trust.

In support of the argument, Glaefke cites 11 U.S.C. § 727(b), which provides that a discharge in a Chapter 7 bankruptcy "discharge[s] the debtor from all debts that arose before the date of the order for relief under this chapter...,"

3

except as provided in section 523.[2] And he notes it is undisputed that Union

Bank's claims arose prior to the filing of his bankruptcy petition. Glaefke then

points out that 11 U.S.C. §101(12), defines "debt" as "liability on a claim" and that

a "claim" is broadly defined to mean:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). Glaefke argues that Union Bank's rescission and

reinstatement action is a right to payment within the meaning of Section

101(5)(A) because reinstating the Deed of Trust provides "Union Bank

with the right to foreclosure and as such the right to payment in the form of

proceeds from the sale of the Property." Brief of Appellant at 6.

Accordingly, Glaefke argues that under 11 U.S.C. § 727(b), Union Bank's

rescission and reinstatement action was discharged as a claim that

existed prior to the bankruptcy petition.

Glaefke is correct that the term "claim" as used in 11 U.S.C. 101(5), is

given the "'broadest possible definition'" to ensure that "'all legal obligations of

the debtor, no matter how remote or contingent, will be able to be dealt with in

the bankruptcy case.'" In re Hexcel Corp., 239 B.R. 564, (Bankr. N.D. Cal. 1999)

---

[2] 11 U.S.C. § 523 contains a number of exceptions to discharge, none of which the parties' claim apply to this case.

(quoting H.R. Rep. No. 95-595 (1977)). But his argument that Union Bank's claim for rescission and reinstatement of the Deed of Trust falls within that definition fails because it conflates Union Bank's right to foreclose on the Deed of Trust with its right to equitable relief.

The case upon which Glaefke principally relies, Johnson v. Home State Bank, 501 U.S. 78, 111 S. Ct 2150, 115 L. Ed. 2d 66 (1991) does not support his argument that the equitable relief Union Bank seeks is a right to payment. Instead, that case simply affirms the unremarkable proposition that a mortgage interest which survives bankruptcy is still a claim because the mortgage holder retains a right to payment in the form of proceeds from a foreclosure sale.

In Johnson, the debtor defaulted on promissory notes secured with a mortgage on his farm. When the bank that held the note began foreclosure proceedings, Johnson filed for liquidation under Chapter 7 of the Bankruptcy Code and the Bankruptcy Court subsequently discharged him from personal liability on the notes. However, the bank's right to foreclose on the property survived the bankruptcy under 11 U.S.C. § 522(c)(2). The bank reinitiated foreclosure proceedings in the state court, which entered judgment for the bank. But before the foreclosure sale could take place, Johnson filed for reorganization under Chapter 13 of the Bankruptcy Code and listed the mortgage as a claim against his estate. The bankruptcy court confirmed Johnson's plan to pay the bank's judgment, but the Court of Appeals held that the Bankruptcy Code prohibited Johnson from including a mortgage obligation in a Chapter 13 plan if

his personal liability on the obligation had been discharged in a Chapter 7 proceeding.

On appeal, the Supreme Court framed the issue as "whether a mortgage lien that secures an obligation for which a debtor's personal liability has been discharged in a Chapter 7 liquidation is a 'claim' subject to inclusion in an approved Chapter 13 reorganization plan." Johnson, at 82. The court concluded that it was, stating that "[e]ven after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." Johnson, at 84. The Court further observed that "[a]lternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation." Id. Thus, the Court held that regardless of whether analyzed under 11 U.S.C. 101(5)(A) or (B), "[e]ither way, there can be no doubt that the surviving mortgage interest corresponds to an 'enforceable obligation' of the debtor." Id.

Johnson is of no help to Glaefke because the claim Union Bank asserts here is not a "right to payment" under subsection 101(5)(A) nor a "right to an equitable remedy" under subsection 101(5)(B). It is not a right to payment because at this juncture, Union Bank does not seek payment in the form of proceeds from a foreclosure sale, instead it seeks only to be put back into the position it would have held but for the undisputed mistaken reconveyance. Union Bank's claim for rescission and reinstatement do not fall within subsection 101(5)(B) because Union Bank's right to this equitable remedy did not arise from

"the debtor's default on the underlying obligation." Johnson, at 84. Union Bank's right to equitable relief does not arise from Glaefke's default, but instead from its own conduct in mistakenly reconveying the Deed of Trust.

The facts of this case are more like those in In re Irizarry, 171 B.R. 874 (9th Cir. BAP 1994). In that case, the debtor received real property via a grant deed from the decedent. The decedent's heirs filed a lawsuit to rescind the deed and the debtor filed Chapter 7 bankruptcy, listing the property as an asset and the heirs as unsecured creditors. The debtor was discharged and the heirs filed to cancel the deed and reconvey the property. The bankruptcy court granted summary judgment to the heirs. On appeal, the bankruptcy appellate panel affirmed. It found that the discharge did not prevent a prepetition state court action seeking equitable remedies such as cancellation of the deed, reconveyance of the property or cancellation of liens.

The Irizarry court first concluded that because the heirs sought equitable remedies and not money damages, a judgment in their favor would not constitute a right to payment under subsection 101(5)(A). 171 B.R. at 878. It reached the same result under subsection 101(5)(B) because the heirs sought equitable relief on the grounds that the decedent did not have the requisite mental capacity to execute the grant deed transferring the property to the debtor. The court held that "the equitable remedies do not constitute claims as defined in § 101(5)(B), since these remedies do not arise from a breach of performance and do not give rise to a right to payment." Id. Similarly, in this case, because Union Bank seeks an equitable remedy that is not money damages and does not arise from Glaefke's

7

failure to perform, it is neither a right to payment nor a right to an equitable remedy for breach of performance.

Glaefke contends that Irizarry is distinguishable because the petitioners there sought reconveyance of the property, but did not, as Union Bank does here, seek to reinstate a deed of trust with its concurrent right to foreclose on the property. But the Irizarry court expressly considered that a judgment awarding equitable relief could give rise to a later contingent right to payment if the debtor failed to perform, but only if an additional breach were to occur. Id. at 878-79. Similarly, here, once the Deed of Trust has been reinstated, Union Bank may bring an action to foreclose that would give rise to a right to payment, but that right arises from Glaefke's failure to make payments on the Note. It is unrelated to the basis for Union Bank's claim for equitable relief which arose from its own mistake.[3]

We hold that because Union Bank's equitable action for rescission and reinstatement of the Deed of Trust was not a debt as that term is defined in the Bankruptcy Code, it was not discharged as a result of Glaefke's bankruptcy

---

[3] In any event it is undisputed that the right to foreclose on the property survives the bankruptcy proceeding. Principles of equity dictate that once the deed of trust is reinstated that right remains intact. Otherwise, Union Bank's mistake would unjustly deprive it of its interest in the property and Glaefke would be the beneficiary of a windfall to which he was not entitled and for which he did nothing to earn. See, Kinne v. Kinne, 27 Wn. App. 158, 162, 617 P.2d 442 (1980) (quoting Scymanski v. Dufault, 80 Wn.2d 77, 491 P.2d 1050 (1971)), an equitable lien or constructive trust may properly be found "despite the absence of fraud or wrongdoing, when property is acquired under circumstances such that the holder of legal title would be unjustly enriched at the expense of another party at interest.")

proceeding. The trial court did not err in granting Union Bank's motion for summary judgment on its claim.

Affirm.

WE CONCUR:

Spearman, C.J.