In re Renee Stewart IRIZARRY, Debtor.

Renee Stewart IRIZARRY, Appellant,

v.

Marion Luette SCHMIDT, Appellee.

BAP No. NC–93–2233–GPMe.
Bankruptcy No. 92–54912–JRG.
Adv. No. 93–5414.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 19, 1994.

Decided Aug. 23, 1994.

---

Jeffrey P. Rosenberg, Los Gatos, CA, for appellant.

Edward A. Kent, Jr., Palo Alto, CA, for appellee.

Before GREENWALD[1], MEYERS and PERRIS[2], Bankruptcy Judges.

## OPINION

GREENWALD, Bankruptcy Judge:

Renee Stewart Irizarry, the Debtor, filed a complaint in bankruptcy court against Marion Luette Schmidt. The bankruptcy court denied the Debtor's request for a restraining order, and granted Schmidt's motion for summary judgment. The Debtor appeals these rulings. We AFFIRM.

## I. FACTS

The parties do not dispute the relevant facts. The Debtor owns real property located at 16621 Kennedy Road in Los Gatos, California ("Los Gatos Property"). Marion Guyton ("Decedent") transferred the property to the Debtor via a grant deed recorded on September 25, 1987. The Decedent passed away on February 24, 1989, leaving Marion Luette Schmidt, Milton Guyton and Jacqueline Taylor as his heirs ("Heirs").

On February 2, 1990, the Heirs filed a complaint against the Debtor in California Superior Court, County of Santa Clara ("state court"). The complaint contains six causes of action and requests the following relief:

1. Money damages in the amount of $66,-161.95, plus interest at the legal rate for breach of contract to repay a $66,-161.95 loan;

2. Money damages in the amount of $26,-965.00, plus interest at the rate of 7% per annum, and attorney's fees for failure to repay a note in the amount of $26,965.00;

1. Honorable Arthur M. Greenwald, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Honorable Elizabeth L. Perris, Bankruptcy Judge for the District of Oregon, sitting by designation.

3. Money damages in the amount of $30,-000, plus interest at the rate of 9% per annum, and attorney's fees for failure to repay a note in the amount of $30,-000;

4. Money damages in the amount of $66,-161.95, plus interest for money lent in the amount of $61,161.95;

5. Money damages in the principal amount of all of the outstanding loans, plus interest and punitive damages, for fraudulently entering into loan agreements with no intent to repay;

6. Cancellation of voidable grant deed and underlying contracts; reconveyance of the Los Gatos Property to the Heirs; reasonable rental value of the Los Gatos Property from 2/24/89 until present; and payment in an amount equal to any and all encumbrances placed on the Los Gatos Property by the Debtor.

On February 27, 1990, the Heirs subsequently filed a Notice of Pending Action against the Los Gatos Property with the County of Santa Clara.

On August 13, 1992, the Debtor filed a voluntary Chapter 7 petition with the United States Bankruptcy Court in San Jose. The Debtor listed the Los Gatos Property in her schedules and claimed a $50,000 exemption in the property pursuant to Cal.Civ.Proc.Code §§ 704.720—704.730. Further, the Debtor listed Marion Luette Schmidt as the holder of two unsecured claims in the amount of $50,000 and $79,000.[3]

On November 16, 1992, the Bankruptcy Court entered a discharge in favor of the Debtor. The Chapter 7 Trustee issued a final report, and the case was closed on January 14, 1993 as a no-asset case.

The Heirs subsequently requested the state court to proceed to trial solely on the sixth cause of action. In her appellate brief, Schmidt claims that the only equitable remedies sought in conjunction with the sixth cause of action are (i) to cancel the grant deed and recover the transferred Los Gatos

Property; and (ii) to cancel liens against the Los Gatos Property arising while the Debtor held title. Accordingly, the Heirs appear to have abandoned their request to recover the reasonable rental value of the Los Gatos Property from February 24, 1989 until the present, and for payment in an amount equal to any and all encumbrances placed on the Los Gatos Property by the Debtor. At a hearing on July 15, 1993, the state court set November 15, 1993 as the trial date for the Heirs' two equitable remedies requested with respect to the sixth cause of action against the Debtor.

On August 22, 1993, the Debtor filed a complaint in bankruptcy court against Marion Luette Schmidt, one of the Heirs. The Debtor's complaint seeks (i) an injunction staying enforcement of the state court action; (ii) a declaration that Ms. Schmidt violated the automatic stay; and (iii) an order stating that the Debtor's discharge prevents Ms. Schmidt from seeking any interest in the Los Gatos Property.

The bankruptcy court heard the Debtor's request for a restraining order, and took the matter under submission on September 24, 1993. The court subsequently held a hearing on Ms. Schmidt's motion for summary judgment on October 26, 1993. Both parties agreed that there were no genuine issues of material fact.

At the summary judgment hearing, Ms. Schmidt argued that she was entitled to prevail as a matter of law, since her equitable claims against the Debtor's property were not discharged in bankruptcy. Further, Ms. Schmidt asserted that a discharge of her claims against the Debtor only prevented her from proceeding against the Debtor *in personam*, and not against the Debtor's property.

In contrast, the Debtor took the position that Ms. Schmidt was not entitled prevail because Ms. Schmidt's motion for summary judgment was not supported by any evidence. The Debtor further argued that the state court action became moot after the bankruptcy court entered her discharge.

3. In her schedules, the Debtor states that the $50,000 debt arose via "1990 approx. Investment in Joint property." She does not state the source of the $79,990 claim. These claims were discharged in bankruptcy and are not the subject of the present appeal.

After the hearing arguments from both parties, the bankruptcy court orally granted Ms. Schmidt's motion for summary judgment, and denied the Debtor's request for a restraining order. The Debtor filed a timely notice of appeal on November 4, 1993. On November 26, 1993, the bankruptcy court entered an order granting Ms. Schmidt's motion for summary judgment, and an order denying the Debtor's motion for preliminary injunction and temporary restraining order.

## II. STATEMENT OF ISSUES

Whether the bankruptcy discharge entered in favor of Ms. Irizarry prevents Ms. Schmidt from continuing a prepetition state court action seeking the equitable remedies of (i) cancellation of the grant deed; (ii) reconveyance of the Los Gatos Property; and (iii) cancellation of liens.

Whether Schmidt waived her right to proceed with the state court action by failing to file a complaint objecting to Ms. Irizarry's discharge.

## III. STANDARD OF REVIEW

An order granting summary judgment is reviewed de novo. *Jones v. Union Pacific R.R. Co.*, 968 F.2d 937, 940 (9th Cir.1992); *In re Baird*, 114 B.R. 198, 201 (9th Cir. BAP 1990). The standard for summary judgment is established in Rule 56, Fed.R.Civ.P. and made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P.[4]

Summary judgment is only proper

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In reviewing a summary judgment, the task

of an appellate court is the same as a trial court. *Hifai v. Shell Oil Co.*, 704 F.2d 1425, 1428 (9th Cir.1983). "Viewing the evidence in the light most favorable to the non-moving party, the appellate court must determine whether the trial court correctly found that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law." *Id.*

## IV. DISCUSSION

■ The Debtor first argues that the bankruptcy court erred in granting summary judgment in Ms. Schmidt's favor because Ms. Schmidt did not submit any admissible evidence of fraud. This argument was raised before the bankruptcy court at the summary judgment hearing. The bankruptcy court responded appropriately by stating that it was not

concerned with the truth or falsity of the defendants and her co-plaintiffs' allegations in the State Court. The sole issue that is before this Court is whether or not the cause of action asserted by the plaintiffs in the State Court and the defendant in the State Court is barred from being proceeded with because of the discharge that was granted to the defendant—or, rather, to the plaintiff and the debtor in her Chapter 7 bankruptcy proceedings. (Summ.J.Tr. at 3, ¶¶ 10–18).

Ms. Schmidt's failure to submit evidence supporting the fraud allegations set forth in the Heirs' complaint does not bar summary judgment in her favor.

Second, the Debtor contends that the discharge prevents Ms. Schmidt from continuing to litigate the prepetition state court action. Additionally, she argues that Ms. Schmidt is now barred from objecting to her discharge, since she did not file a complaint under § 727 within the 60-day statute of limitations period prescribed in Rule 4004(a).[5]

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. Not less

---

4. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

5. Rule 4004(a) provides:

In response, Ms. Schmidt states that she only wishes to proceed with the equitable remedies requested in conjunction with the sixth cause of action. She argues that a prepetition action seeking equitable remedies is not subject to the discharge provisions of §§ 727 and 524(a). She further contends that the discharge does not prevent the Heirs from enforcing prepetition rights against the Debtor's property.

Bankruptcy Code § 727 discharges a debtor from all prepetition debts. *In re Beezley*, 994 F.2d 1433, 1435 (9th Cir.1993). Under § 524(a), the granting of a discharge operates as a permanent injunction against any attempt to collect or recover on a prepetition debt. *In re American Hardwoods, Inc.*, 885 F.2d 621, 626 (9th Cir.1989) (quoting *In re Dickinson*, 24 B.R. 547, 550 (Bankr.S.D.Cal. 1982)).

▪ Bankruptcy Code § 101(12) defines debt as "liability on a claim." Pursuant to § 101(5), a claim constitutes a

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Congress intended in § 101(5) to incorporate the broadest available definition of claim. *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153–4, 115 L.Ed.2d 66 (1991) (citing *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 563–4, 110 S.Ct. 2126, 2130–1, 2133–4, 109 L.Ed.2d 588 (1990) and *Ohio v. Kovacs*, 469 U.S. 274, 279, 105 S.Ct. 705, 707–8, 83 L.Ed.2d 649 (1985)). In this regard, a right to payment means nothing more or less than

an enforceable obligation. *Johnson*, 501 U.S. at 83, 111 S.Ct. at 2153–4.

▪ In the instant case, the equitable remedies of cancellation of the grant deed, recovery of the Los Gatos Property and cancellation of liens are not claims or debts subject to discharge. Since the Heirs seek these equitable remedies and not money damages, a state court judgment in their favor granting these equitable remedies would not constitute a right to payment as discussed in § 101(5)(A). Additionally, the Heirs' request for equitable relief does not arise from any failure by the Debtor to perform contractual or injunctive obligations. Rather, the Heirs seek the equitable remedies on the grounds that the Decedent did not have the requisite mental capacity to execute the grant deed transferring the Los Gatos Property to the Debtor. Accordingly, the equitable remedies do not constitute claims as defined in § 101(5)(B), since these remedies do not arise from a breach of performance and do not give rise to a right to payment.

Although none of the requested remedies appear to constitute claims on their face, a state court judgment awarding the requested remedies to the Heirs arguably could give rise to a contingent right to payment. For example, if the Debtor failed to reconvey the Los Gatos Property as ordered by the state court, then the Heirs might be entitled to an award of money damages.

The Fifth Circuit considered this issue in *In re Davis*, 3 F.3d 113 (5th Cir.1993). In *In re Davis*, the debtor argued that the equitable remedies awarded in a prepetition state court judgment of (i) resulting trust, (ii) partition in kind, (iii) deed reformation, (iii) appointment of a receiver, and (iii) dissolution of partnership were dischargeable since a "failure to perform his obligations under any of the equitable remedies would justify an award of money damages. . . ." *In re Davis*, 3 F.3d at 116. The court declined to define the word claim so broadly, and rejected this argument. *Id.* The Fifth Circuit noted that neither the judgment awarding the equitable remedies, nor state law, granted the prevail-

than 25 days notice of the time so fixed shall be given to the United States trustee and all

creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

ing party a right to payment in the event that the debtor failed to perform as required by the judgment.

Similarly, in this case, none of the equitable remedies sought by the Heirs have a money damage alternative in the event of non-performance by the Debtor. Ms. Schmidt expressly states that the Heirs do not seek to recover the value of the property, but only the property itself. In addition, the Heirs appear to have abandoned their claim for payment in an amount equal to any and all encumbrances placed on the Los Gatos Property by the Debtor. Ms. Schmidt's appeal brief only discusses the Heirs' interest in having the liens cancelled.

Because the equitable remedies in question do not constitute a claim, as defined in § 101(5), or a debt, as defined in § 101(12), they are not affected by the discharge of all debts granted by the bankruptcy court. *Cf. Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1362-63 (9th Cir. 1994). Moreover, these equitable remedies are not subject to the permanent injunction referred to 11 U.S.C. § 524(a). *Id.*

■ The Debtor also contends that Ms. Schmidt waived her right to proceed with these equitable remedies by failing to file a complaint objecting to the Debtor's discharge pursuant to § 727(c). However, Ms. Schmidt was not required to object to the Debtor's discharge in order to proceed with the equitable remedies after bankruptcy. As previously discussed, they do not constitute a claim or a debt discharged under § 727(c). Since the discharge does not enjoin Ms. Schmidt from proceeding with the action to the extent she seeks these equitable remedies, Ms. Schmidt is entitled to prevail as a matter of law on the Debtor's complaint seeking injunctive relief.

Ms. Schmidt further argues that a discharge only prevents creditors from enforcing prepetition debts against the Debtor personally, and not against the Debtor's property. Accordingly, she claims that any discharge of her claims against the Debtor in bankruptcy does not affect her right to proceed with the action seeking equitable remedies against the Los Gatos Property.

The bankruptcy court addressed this argument at the summary judgment hearing. The court stated that a bankruptcy discharge does not prevent enforcement of valid liens. *See Johnson v. Home State Bank*, 501 U.S. 78, 85, 111 S.Ct. 2150, 2154-5, 115 L.Ed.2d 66 (1991). Finding that a prepetition lis pendens is analogous to a lien as defined in 11 U.S.C. § 101(37), the bankruptcy court held that the discharge did not prevent Ms. Schmidt from seeking relief against the Los Gatos Property, and granted Ms. Schmidt's motion for summary judgment.

As we have determined that the equitable remedies in question do not fall within the statutory definition of a claim, or debt subject to discharge, we do not reach the question of whether a lis pendens is analogous to a lien, thereby preserving a creditor's right to proceed against a debtor's property where the underlying debt has been discharged.

## V. CONCLUSION

The bankruptcy court's decision to grant Ms. Schmidt's motion for summary judgment and deny the Debtor's motion for a temporary restraining order and preliminary injunction is AFFIRMED.