**In re:  Grace TSAI, Debtor.**

**Grace Tsai, Appellant,**

v.

**Linda Tsui;  Phillip Tsui;  John Douglass, Appellees.**

No. 99–56202.
BAP No. CC–98–01577–JPK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided May 25, 2001.

**730**

Before McKEOWN and FISHER, Circuit Judges, and HAGEN*, District Judge.

## MEMORANDUM **

Debtor Grace Tsai appeals the bankruptcy court's order denying her motion to reopen her case under 11 U.S.C. § 350(b), which states that "[a] case may be reopened in the court in which [it] was closed to administer assets, to accord relief to the debtor, or for other cause." The court "may" reopen a case for any of the listed causes; it is not required to do so. "The court's decision to reopen is entirely within its sound discretion, based upon the circumstances of each case." *In re Elias*, 215 B.R. 600, 604 (9th Cir.BAP1997).

An appellant must therefore show the court abused its considerable discretion in denying the motion to reopen the case. Here, Appellant requested her case be reopened for a single reason: so that she could pursue an injunction against her creditors, the Appellees. Appellant argues that Appellees should be enjoined from pursuing a judgment they have secured against a third party, her sister, because Appellant was "discharged" by the bankruptcy court.

True, Appellant's discharge protects *her* from collections actions. When a debtor is "discharged" under the Bankruptcy Code, the discharge "operates as a permanent injunction against any attempt to collect or recover on a ... debt." *In re Irizarry*, 171 B.R. 874, 878 (9th Cir.BAP1994). But 11 U.S.C. § 524(e) limits the effect of a discharge solely to the debtor. "[D]ischarge of a debt of the debtor *does not affect the liability of any other entity* on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e) (emphasis added).

Here, the collection action by Appellees that Appellant seeks to enjoin involves a judgment they have secured against a third party based on that third party's personal liability. As such, the action does not violate § 524 and is permissible against the third party without regard to Appellant's discharge. Appellant's argument for reopening her case was without merit, and the Bankruptcy Court acted within its discretion in denying her motion to reopen.

AFFIRMED.

---

* The Honorable David W. Hagen, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.