NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JAMES W. KEENAN, <br><br> Debtor, <br><br> ------------------------------ <br><br> JAMES W. KEENAN, <br><br> Appellant, <br><br> v. <br><br> THOMAS L. CURTIN, <br><br> Appellee. | No. 22-60007 <br><br> BAP No. 21-1021 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Faris, Bankruptcy Judges, Presiding

Submitted May 9, 2023[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[***] District Judge.

James Keenan appeals a decision of the Bankruptcy Appellate Panel ("BAP") affirming an order of the bankruptcy court denying his motion to enforce the discharge provision of his Chapter 11 plan and to void a state court judgment. We have jurisdiction under 28 U.S.C. § 158(d) and affirm.

1. This case concerns a commercial property in Oceanside, California (the "Property") owned by a partnership that has no written partnership agreement. Keenan claims an 85.007% interest in the Property, consistent with the title on record in 1996, when his Chapter 11 petition was filed. Appellee Thomas Curtin, however, claims that the partners orally agreed to reduce Keenan's partnership interest to 55% in 1995. Keenan consistently treated his partnership interest as 55% in the Chapter 11 proceedings. After the Chapter 11 plan was confirmed, however, Keenan filed an amended property schedule B asserting the larger interest; he reasserted that position when the liquidating trustee filed a motion to approve an interim distribution based on the 55% amount.

The bankruptcy court rejected Keenan's post-confirmation assertions. Curtin then filed a state court action seeking reformation of the recorded deed to reflect the adjusted amounts. The state court entered judgment in favor of Curtin in 2017.

---

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Keenan's appeal was dismissed for lack of prosecution.

Keenan returned to the bankruptcy court, seeking to void the state court judgment as inconsistent with the discharge provision of the Chapter 11 plan. The bankruptcy court denied the motion because "1) The Plan discharge only applied to Keenan's personal liability and not Curtin's equitable rights to the Partnership, 2) Keenan's breach of the Partnership Agreement occurred after the discharge became effective, and 3) Keenan is precluded from challenging the Partnership . . . as a matter of judicial admission and estoppel." The BAP affirmed, holding that "the state court litigation involved a property interest rather than a claim that could be discharged in bankruptcy." We agree.

1. The state court litigation involved an alleged partnership interest, and a "partnership interest is not a claim." *Estes & Hoyt v. Crake* (*In re Riverside-Linden Inv. Co.*), 925 F.2d 320, 323 (9th Cir. 1991) (per curiam). Under the Bankruptcy Code, a "claim" is a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 101(5). The state court judgment granted only equitable relief and afforded Curtin no right to a monetary remedy. *See Irizarry v. Schmidt* (*In re Irizarry*), 171 B.R. 874, 878–79 (B.A.P. 9th Cir. 1994).

2. The confirmed plan did not discharge Curtin's equitable claim. Only the 55% interest in the partnership that Keenan claimed in his schedules in the Chapter

3

11 proceedings became the property of the estate. *See California v. Farmers Markets, Inc.* (*In re Farmers Markets, Inc.*), 792 F.2d 1400, 1402 (9th Cir. 1986). The plan discharged only pre-petition claims, *see Cool Fuel, Inc. v. Bd. of Equalization* (*In re Cool Fuel, Inc.*), 210 F.3d 999, 1007 (9th Cir. 2000), and Keenan did not assert a larger interest in the Property until after the plan was confirmed.

3. The plan's Partnership Adversary Proceeding provision does not address Curtin's equitable claim. That provision applies to disputes between the trustee and the partners, not to those between partners in the partnership.

4. Keenan also argues that Curtin's claim could only have been resolved through an adversary proceeding in the bankruptcy court. However, when Curtin filed an adversary complaint proceeding in 2005, Keenan correctly argued that the court lacked subject matter jurisdiction because the action did not concern property of the estate.

**AFFIRMED.**[1]

---

[1] We deny Keenan's motions to augment the record. **Dkts. 16, 53 & 57**. We grant Keenan's motion to file corrected Excerpts of Record and briefs. **Dkt. 42**.