### CASTLE *v.* FULLER and Others.

On *April* 2, 1849, a judgment was recovered against *A.*, in a prosecution for bastardy, for $265, which was directed by the Court to be paid in installments, running through a period of twelve years. *B.* became replevin bail upon the judgment, and afterward, in 1855, sold and conveyed to the plaintiff a tract of land owned by him in the county. On *May* 14, 1860, an execution was issued upon the judgment, and levied upon the land so sold by *B.* Suit to enjoin the sale.

*Held,* that ten years having elapsed after the recovery of the judgment, and before the issuing of the execution, and the plaintiff not having been prevented from proceeding thereon, during any portion of such time, "by the operation of any appeal, or writ of error, or by the injunction of any judge or court," the lien of the judgment was discharged.

*Wednesday,
December 11.*

APPEAL from the *Warrick* Circuit Court.

WORDEN, J.—On *April* 20, 1849, in the *Warrick* Circuit Court, the State, on the relation of *Martha Stinson,* recovered a judgment against *Harrison M. Lemasters,* for the sum of $265, in a prosecution for bastardy. This sum was ordered by the Court to be paid in the following installments, viz., twenty-five dollars within thirty days after the child should be born; and twenty dollars each year, for the term of twelve years, from and after *January* 1, 1850.

On this judgment, *Simeon Lemasters* entered himself as replevin bail. Afterward, in 1855, *Simeon Lemasters* being

the owner of certain real estate, sold and conveyed the same to the plaintiff.

On *May* 14, 1860, an execution issued on the judgment for a balance then due of $64.80, which the sheriff levied upon the above mentioned real estate, and advertised the same for sale. On these facts, the plaintiff filed his complaint to enjoin the sale, making the sheriff, *Fuller*, a party, as also the said *Martha* and her husband, she having intermarried with *Larkin Floyd*.

A demurrer was sustained to the complaint, because it did not contain facts sufficient, &c.

The plaintiff not amending, final judgment was rendered against him, and he brings the cause up for revision.

The question arising on the complaint appears to be, whether the property thus sold by *Simeon Lemasters* to the plaintiff was, at the time of the issuing of the execution and the levy thereof, bound by the lien of the judgment. The lien of a judgment upon real estate expires at the end of ten years from the rendition thereof; but "the time during which the party recovering such judgment or decree shall be restrained from proceeding thereon by the operation of any appeal, or writ of error, or by the injunction of any judge or court, shall not constitute any part of the term of ten years." R. S. 1843, § 7, p. 455. See, also, 2 R. S. 1852, § 527, p. 154.

Here, the ten years had expired after the rendition of the judgment, and before the issuing of the execution, and in the meantime the property had been conveyed to the plaintiff. The plaintiff would, without doubt, have held the property subject to the lien, had the execution issued and been levied within the ten years; but as it is, the lien is discharged, unless the case comes within the statute providing what time shall not be deemed a part of the ten years. Proceedings on the original judgment were not restrained by operation of any "appeal, or writ of error," nor do we think the case comes within the meaning of the clause, "the injunction of any judge or court." The term "injunction" has a technical, legal import, and without undertaking to define specially what it is, we think it is clearly not a fixing of the

Nov. Term,   time by the Court, in a prosecution for bastardy, when the
1861.        putative father is required to pay money on the judgment
FRYBARGER    rendered for the support of the child.
v.               We are of opinion that upon the facts stated, the lien of
COCKEFAIR.   the judgment had expired; and, consequently, that the
             demurrer should have been overruled.

     *Per Curiam.*—The judgment is reversed, with costs.
Cause remanded, &c.

     *James G. Jones* and *J. E. Blythe*, for the appellant.