No. 9960.

## BURCHFIELD *v.* THE STATE.

CRIMINAL LAW.—*Practice.—Continuance.—Absent Witness.*—An affidavit for a continuance, on account of the absence of a witness whose whereabouts is unknown, must state such facts as will enable the court to see the probability of the witness being found and his testimony obtained.

SAME.—*Murder.—Dying Declarations.—Res Gestæ.*—In a prosecution for murder, a declaration of the deceased, unless a part of the *res gestæ,* or made in view of approaching death, is not admissible, and an application for a continuance to obtain testimony in proof of such declaration, should show that it was made under such circumstances as to be competent.

SAME.—*Preparation for Trial.*—It is not cause for a continuance, in a prosecution for murder, that, for the six weeks since the time of the homicide, the defendant has been in jail, without friends or relatives to hunt up witnesses and make like preparations for the trial, and that her attorneys have been busy in court.

SAME.—*Facts Admitted.*—Facts admitted to be true, in order to avoid a continuance, can not be disputed on the trial. But an admission in a prose-

cution for murder, that shots were fired from a certain window towards the deceased at the time he was fatally shot, the defendant standing near, does not exclude the testimony of witnesses that they did not hear the shots from the window.

SAME.—*Evidence.*—*Admissions.*—*Question of Fact.*—An admission by the State, in a prosecution for murder, that the deceased, when shot, stood about six feet from and with his right side towards the defendant, and that the ball entered his body near the center of the breastbone, and ranged backward and downward to the *lumbar vertebra,* does not enable the court to say that the defendant could not have fired the shot; and though it was also admitted that other shots were fired towards the deceased from a window which he was facing, it was a question for the jury whether the defendant inflicted the fatal wound.

From the Gibson Circuit Court.

*H. A. Yeager* and *C. A. Buskirk,* for appellant.

*D. P. Baldwin,* Attorney General, *A. H. Taylor,* Prosecuting Attorney, *A. P. Twineham* and *J. E. McCullough,* for the State.

WOODS, J.—Under an indictment for murder the appellant was found and adjudged guilty of voluntary manslaughter. She assigns error upon the overruling of her motion for a new trial.

The first reason stated in the motion is the overruling of the motion for a continuance of the cause, which was asked on account of the absence of four witnesses named in the affidavit on which the motion was based. As to two of these witnesses, the affidavit fails to show their residence, or a reasonable probability of obtaining their depositions or attendance at the trial, if postponed. The showing in this respect is, " that this affiant can not now state where said witnesses or either of them (reside) ; that she has made diligent inquiry and done all in her power to secure their attendance at the present term, but is unable to do so ; and affiant can not state whether said witnesses have left the State or not. * * * That if this cause is continued until the next term of the court affiant can obtain the depositions or personal attendance of said witnesses."

It is not enough that the possibility of obtaining the testimony of the absent witness be declared; such facts must be averred as will enable the court to see the probability of the witness being found and his attendance or testimony being procured. To this end the general rule certainly is that the residence of the witness or the place where he may be found must be stated. Moore Crim. Law, sections 284–5.

The matters expected to be proved by the other witnesses were admitted to be true as stated in the affidavit, except the following part, namely: " That they, the said Burton and wife (the witnesses), were the first and only persons to whom said Thomas spoke intelligently, after he was shot as alleged in the indictment; that he, the said Thomas, said to them that some one from one of the windows of the hall (meaning one of the windows in said second story of said building), has shot me."

Is is claimed that this part of the statement of what was expected to be proved ought to have been admitted as true. But unless a dying declaration, or made at or so near the time of the shooting as to constitute a part of the res gestœ, the declaration was not competent evidence; and as the affidavit fails to state such facts as to show that the proposed evidence was competent, it was not available as a cause for a continuance, and was properly excluded from the admission which the prosecution made in order to prevent a continuance.

Besides the matters referred to, the affidavit shows that the alleged shooting occurred on the 26th day of December, 1880, ever since which time the defendant had been in jail; that the indictment was returned into court on the 20th day of January, 1881; that ever since her imprisonment the defendant had been wholly without friends or relatives to look after and procure the names of witnesses and ascertain competent and material evidence on her behalf in making her defence; that she has engaged counsel who are attorneys of this court and who have been busily engaged in the trial and

management of legal business and causes in this court, which has been in continuous session since January 3d, 1881, and in consequence thereof have not had the proper or necessary time to look after and ascertain the names and whereabouts of witnesses whose testimony will be important and material, etc.

On the strength of this showing, it is urged that it was unfair and prejudicial to the appellant's defence to have been forced into trial on the 1st of February, 1881. The showing, however, is plainly insufficient. It does not appear but that, without friends or relatives, and besides her attorneys, busy with other causes, she might have employed other agents just as competent and not too busy with other affairs to do for her the services mentioned. Besides, the affidavits of the attorneys themselves would have been better evidence of their lack of time to prepare for the trial.

We can not say, as we are asked to, that the homicide was accidental and involuntary. There is sufficient evidence to the contrary.

The affidavit for a continuance contains the following statement of matters expected to be proved, which were admitted to be true: "The said shooting was done about ten o'clock at night, and at the time thereof this affiant was standing about six feet from the said Thomas, who was facing said building, with the right side of his body toward this affiant; * * that at the time the said Thomas was shot, * * and for a moment or two prior thereto, there were fired from one of the windows in the second story of said building, * * four or five shots in rapid succession, out into the street, and downward toward the place where said Thomas was standing, * * with his face toward the window from which said shots were fired; * * * that the wound which killed him entered the body of said Thomas near the center of breastbone or sternum, and ranged backward and downward to the lumbar vertebra of the spinal column." Upon this, counsel insist that it was physically im-

possible that the appellant could have fired the fatal shot. We think, however, it was a question for the jury; the admission is not so definite and unequivocal as to be absolutely inconsistent with the verdict. "*About* six feet," "with his right side *towards*," and "*near* the center," are expressions so indefinite as to admit of further enquiry on the point, and we have no doubt, upon the evidence, that the jury reached the right conclusion.

Certain witnesses were asked if they heard shots from the window of the building, already mentioned, and answered that they did not. It is insisted that this was error, because it tended to contradict the admission that such shots were fired. If permitted for the purpose of such contradiction, it would doubtless have been error, unless afterwards withdrawn; but it is manifest that for other purposes the question may have been proper, and as the court is shown to have read to the jury the portions of the affidavit which were admitted to be true, and to have distinctly instructed that "the facts embraced in this admission for the purposes of this trial must be taken by the jury as absolutely true," it is not to be believed that the appellant was injured in this respect. Admitting that shots were fired from the window as stated, still, whether they were such shots as could and did produce the wound inflicted on the deceased, was an open question, the solution of which might depend somewhat upon the sound produced, and hence it was competent to enquire of the witnesses whether they heard them. This disposes also of the objection made to the seventh instruction given to the jury, and justifies the action of the court in refusing the instructions asked, in so far as they are not embraced in those given.

We find no error in the record for which the judgment can be reversed.

Judgment affirmed with costs.