Filed Nov. 20, 1891.

---

No. 15,216.

BRADFIELD, SHERIFF, ET AL. *v.* NEWBY ET AL.

JUDGMENT.—*Judgment Filed in Other County.—Duration of Lien.*—The lien of a judgment of a circuit court, filed in a county other than the one in which it was rendered, expires at the same time the lien expires in the county in which such judgment was rendered.

From the Hamilton Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*T. J. Kane, T. P. Davis* and *W. Booth,* for appellees.

Bradfield, Sheriff, *et al. v.* Newby *et al.*

ELLIOTT, J.—On the 2d day of October, 1877, Nicholas Copple recovered a judgment in the Shelby Circuit Court against Jacob Cook. On the 11th of March, 1889, a transcript of the judgment was filed and docketed in the clerk's office of Hamilton county. An execution was issued on the judgment by order of the Shelby Circuit Court, on the 18th day of April, 1889, and the writ was received by the sheriff of Hamilton county on the 25th day of that month. Jacob Cook was the owner of land in Hamilton county on the 4th day of April, 1889, and on that day conveyed the land to the appellee Townson Newby. This suit was brought by Newby to restrain the sale of the land bought by him of the judgment debtor on the judgment obtained by Copple.

We are satisfied that the lien of the judgment expired before Newby became the owner of the land, and that the land could not be sold under it. The life of a judgment lien is fixed at ten years, and the courts can not prolong it. *Mahoney* v. *Neff,* 124 Ind. 380; *McAfee* v. *Reynolds, ante,* p. 33, and cases cited; *Brown* v. *Wuskoff,* 118 Ind. 569.

The statutory provision authorizing transcripts from one county to be docketed in another does not create a new lien. The utmost that can be claimed is that it transfers the lien from one county to another. The lien itself is unchanged, the foundation remains the same, and that foundation is the original judgment. When the life of that lien expires, all incidents perish with it. This is evident from the language of the statute authorizing the docketing of the transcripts of judgments in counties other than that in which the judgment was rendered. Section 611, R. S. 1881. The meaning of the statute plainly is that the filing of the transcript conveys the lien of the original judgment, but creates no new lien. The one judgment constitutes the lien from first to last. The words of the statute are: "Such judgment, from the time of filing the copy aforesaid, shall be a lien upon all the real estate, including chattels real, of the judgment debtor, situated in the county where filed, as fully

as if such judgment had been rendered thereon." It seems quite clear to us that the duration of the lien is determined by the original judgment, and that the words "such judgment" refer to the only judgment ever rendered. If this be true, it must follow that there is only one judgment lien, and it is that lien that is transferred by the filing and docketing of the transcript. This conclusion, plain in itself, is required by the authorities to which we have referred.

Filed Oct. 8, 1891; petition for a rehearing overruled Dec. 10, 1891.