**Linda L. NEEDHAM, Appellant (Defendant Below),**

v.

**Maxine Farber SUESS, Appellee (Defendant Below).**

No. 49A04–9006–CV–281.

Court of Appeals of Indiana, Fourth District.

Sept. 9, 1991.

Sharon R. Merriman, Merriman & Harshey, Indianapolis, for appellant.

J. David Hollingsworth, Hollingsworth, Meek & Tarvin, Indianapolis, for appellee.

MILLER, Judge.

This appeal involves a dispute between Maxine Suess and Linda Needham over who is entitled to the proceeds of the sale of Needham's property. Suess argues that by virtue of an "alimony judgment" she obtained when she and Phillip, her ex-husband, were divorced in 1977, she obtained a judgment lien against his property. Twelve years after the judgment was entered, Suess sought to enforce that lien against Needham's proceeds of the sale of the property Needham purchased from Phillip. The trial court granted summary judgment in favor of Suess, and ordered Needham to pay Suess the proceeds of the sale.

We note that "alimony" does not exist under Indiana law. However, the parties' reference to the earlier judgment as an "alimony judgment" does not affect this appeal. What is relevant is that Suess obtained a judgment from Phillip, which became a judgment lien when it was duly recorded. However, twelve years after obtaining that lien, she sought to satisfy the judgment with Needham's proceeds from the sale of the property.

Needham appeals the trial court's grant of summary judgment in favor of Suess, arguing the judgment lien has expired, and that Suess may not now seek enforcement of the lien against her proceeds from the sale of what was once Phillip's property. We agree and reverse the decision of the trial court.

## FACTS

These facts are not disputed. On April 27, 1977, Maxine Suess and Phillip Farber were divorced and Suess was granted a judgment of $50,000 to be paid by Phillip in 121 equal monthly installments of $413.23. The judgment became a lien on Phillip's real property—lots 20 and 21 in Kearns Lafayette Road Addition—after the lien was properly indexed in the judgment docket.[1] In 1986, Phillip conveyed lot 21 to Charles and Linda Needham by warranty deed.[2] That same year, Charles quitclaimed the property to Linda,[3] and in 1989, Linda contracted to sell the property to Billy and Cheryl Casey. A title search by Midwest Title Corporation at the time of the 1989 sale reflected no liens against the property.

Upon learning of the sale between Needham and the Caseys, and before the completion of the sale and the distribution of the proceeds to Needham, Suess protested the distribution of the proceeds of the sale to Needham by letter to Midwest Title. On November 9, 1989, Midwest Title filed a Complaint for Interpleader with the Marion County Superior Court, joining Suess and Needham as defendants, and tendered all the proceeds of the sale—$7,500—to the court. On December 4, 1989, twelve years after the judgment was entered, Suess petitioned the original divorce court to renew the judgment. At that time, $5,785.22 of the judgment was still due. The court issued an order to renew the judgment for an additional ten years.

Needham and Suess both filed motions for summary judgment. The court granted Suess's motion and ordered that "all sums due and owing pursuant to the renewal of the judgment ... in the principal sum of [5,785.22] be paid to Suess."

1. Ind.Code 34–1–45–2.

2. The divorce decree between Suess and Farber, which was attached as Exhibit A to Suess's motion for summary judgment, describes the real estate awarded to Farber as:

   "Lots 20 and 21 in Kearns Lafayette Road Addition, an Addition to the City of Indianapolis, the plat of which is recorded in Plat

## DISCUSSION AND DECISION

Our standard of review on a motion for summary judgment is well settled. We use the same standard as the trial court and summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Willsey v. Peoples Federal Savings & Loan* (1988), Ind.App., 529 N.E.2d 1199.

On appeal, Needham argues Suess is not entitled to any of the proceeds because the lien expired. Suess, however, argues that 1) she had twenty years to collect the judgment, and by renewing the lien within that time, she is entitled to have the judgment satisfied by the proceeds of the sale; and 2) the ten-year period of limitations did not begin to run until 1986 because her exhusband was ordered to pay the judgment in monthly installments and the balance that remained on his debt represents the installments that were due in 1986 and 1987.

Needham accurately points out that the dispute here seems to lie in the confusion between the term "judgment" and the term "judgment lien" as they appear in the relevant statutory provisions. The first relevant provision is Ind.Code 34–1–45–2, which provides:

"All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction sitting in the state of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to execution in the county where, and only where, such judgment

Book 27, page 177, in the office of the Recorder of Marion County, Indiana."
(R. 50). However, Farber conveyed only lot 21 to the Needhams in 1986. The record is silent as to whether a title search was made at the time of this sale.

3. The record is likewise silent as to whether a title search was conducted at the time of this transfer.

has been duly entered and indexed in the judgment docket as provided by law, *from and after the time the same shall have been so entered and indexed, and until the expiration of ten (10) years from the rendition thereof, and no longer,* exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction or by the death of the defendant, or by agreement of the parties entered of record."

(emphasis supplied).

■ Thus, a money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located. *Echelbarger v. First National Bank* (1937), 211 Ind. 199, 5 N.E.2d 966. This lien has a life of ten years, *Bradfield v. Newby* (1891), 130 Ind. 59, 28 N.E. 619, and is a general lien on all of the debtor's property. *Deetz v. McGowan* (1980), Ind.App., 403 N.E.2d 1160; 49 C.J.S. *Judgments* § 488 (1947). Once a judgment lien has attached to land, it remains until it is legally removed and anyone buying property to which a lien has attached and who has actual or constructive notice of the lien takes the property subject to the lien. 17 I.L.E. *Judgment* § 468 (1959); 49 C.J.S. § 488 (1947).

Also relevant is I.C. 34–1–2–14, which provides:

"Every judgment and decree of any court of record of the United States or of this or any other state shall be deemed satisfied after the expiration of twenty (20) years."

Thus, although a *judgment lien* expires after ten years, the *judgment* itself may be enforced up to twenty years after its entry.

■ Suess argues that the lien is valid because the court that entered her dissolution order has the discretion to renew the judgment, thereby renewing her *judgment lien* for an addition ten years. She cites *Franklin Bank and Trust Co. v. Reed* (1987), Ind., 508 N.E.2d 1256, *reh'g denied;* I.C. 31–1–11.5–15.

In *Reed,* as part of a property settlement, husband was ordered to pay wife in four annual installments. Husband defaulted, and wife recorded a certified copy of the decree in the county in which husband's property was located. After the judgment was recorded but before wife could levy execution, husband assigned his real property to Franklin Bank to be applied on his debts with the bank. Wife then levied on husband's property. The issue before the court was whether the wife's lien had priority over the bank's. To answer this question, the court examined the effect of the general lien statute, I.C. 34–1–45–2, quoted above, on I.C. 31–1–11.5–15, which provides: ·

"Upon entering an order *pursuant to [31–1–11.5–11] or [31–1–11.5–12]* of this chapter, the court may provide for such security, bond or other guarantee that shall be satisfactory to the court to secure the obligation to make child support payments or to secure the division of property." (emphasis supplied).

The bank argued that because the dissolution decree did not specifically provide security for wife, the general lien statute did not apply. The court held that when the dissolution decree is silent as to security, the automatic provisions of I.C. 34–1–45–2 apply. In so holding, the supreme court stated that I.C. 31–1–11.5–15 "gives the court authority to overcome the judgment lien, or to augment it, or to limit it." *Reed, supra,* at 1259. In other words, the court may, when entering a dissolution order, provide for security as it, in its discretion, sees fit. *Id.* However, when the court does not specifically provide security, the automatic provisions of I.C. 34–1–45–2 govern. *Id. Reed* does not, however, stand for the proposition that the dissolution court may extend the life of lien created under 34–1–45–2.

Furthermore, I.C. 31–1–11.5–15, providing security, is inapplicable here because it only permits security for college expenses and support. Since Maxine does not assert that her "alimony judgment" falls within either of these categories, the security section is not controlling here.

Even assuming I.C. 31–1–11.5.15 did apply here, Maxine's argument fails. The

court entering the divorce decree did not specifically provide security in the decree. Therefore, under *Reed,* the automatic provisions in I.C. 34–1–45–2 would govern.

■ It has long been held that the judgment lien is purely a creature of statute and may not be expanded or changed through judicial action. *McAfee v. Reynolds* (1891), 28 N.E. 423, 130 Ind. 33; *Petrovitch v. Witholm* (1926), 85 Ind.App. 144, 152 N.E. 849. In *Petrovitch,* this court held:

> "A party who secures a judgment obtains such a charge upon land as the statute gives and nothing more, for it is clear that he can acquire only what the statute creating the right vests in him. Our statute declares that the lien shall continue for ten years, and no longer, thus definitely and positively limiting the duration of the lien. As no court is above the law, and as all courts must enforce the law as it is written, *it necessarily results that a lien, created and limited by statute, can not be extended beyond the period fixed by the lawmakers. A party may forfeit a right to a decree extending its life beyond the statutory period.*"

*Id.* at 148, 152 N.E. at 850–51 (emphasis added). This ten-year limit on judgment liens serves to protect subsequent purchasers of the property. *Martin v. Prather* (1882), 82 Ind. 534. A judgment creditor may not seek to enforce the lien after the ten years has expired. *Castle v. Fuller* (1861), 17 Ind. 402, and the court has no discretion to change the terms of a judgment lien which comes about by operation of this statute.

Suess also argues the ten year period did not begin to run until 1986, when her ex-husband first defaulted on his alimony payments. Thus, she argues, the ten-year limitation would not expire until 1996. She cites *Griese–Traylor Corp. v. Lemmons* (1981), Ind.App., 424 N.E.2d 173, in which this court recognized "that a cause of action accrues and the statute of limitations for bringing an action begins to run on *installment obligations* as each installment becomes due." *Id.* at 183 (emphasis

supplied). However, we did not address the question of when the judgment lien first becomes effective when the payments are to be made in monthly installment.

■ Initially, we note that the language of the statute clearly provides that the judgment "shall be a lien … *from and after the time the same shall have been so entered and indexed.* I.C. 34–1–45–2 (emphasis added). When a statute is clear and unambiguous on its face—as is this statute—we do not engage in interpretation of the statute, but merely apply its terms. *Economy Oil Corp. v. Indiana Dept. of State Revenue* (1975), 162 Ind.App. 658, 321 N.E.2d 215. The statute does not differentiate between a judgment which is to be paid in installments and one which is to be paid in one lump sum.

Further, in *Reed, supra,* our supreme court held the lien provision of I.C. 34–1–45–2 is automatic *when the judgment has been entered and duly indexed.* Here, the ten-year period of limitations began to run when the judgment was entered and indexed—April 27, 1977—and not as each installment became due. Therefore, when Needham sold the property in 1989, there was not a valid lien against the property.

We do note that the expiration of the lien does not prevent Suess from collecting the judgment from her ex-husband. Although, under I.C. 34–1–2–14, the lien on the property has expired, the judgment debtor has twenty years to collect the judgment. *See Martin, supra.* Here, however, Suess is not entitled to Needham's proceeds from the sale of the property. The decision of the trial court in favor of Suess is therefore reversed, and the court is directed to enter summary judgment in favor of Needham.

CHEZEM and SULLIVAN, JJ., concur.