

FILED
Mar 09 2016, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Charles E. Davis
Davis Law, LLC
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Tyler D. Yeager
Snow & Sauerteig LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Freddie L. Webb,

*Appellant-Defendant*,

v.

Thomas A. Yeager,

*Appellee-Plaintiff*.

March 9, 2016

Court of Appeals Case No.
02A03-1508-CC-1099

Appeal from the Allen Superior
Court

The Honorable Stanley A. Levine,
Judge

Trial Court Cause No.
02D03-1405-CC-1014

**Brown, Judge.**

[1] Freddie L. Webb appeals the trial court's order granting summary judgment in favor of Thomas Yeager. Webb raises three issues which we consolidate and restate as whether the court erred in entering summary judgment in favor of Yeager and against him. We affirm.

## Facts and Procedural History

[2] In 2002, Yeager provided Webb with a check for the payoff balance of Yeager's vehicle and with the vehicle for Webb to sell. Webb executed the check but did not use the funds to pay the balance due on the vehicle and did not return the vehicle. On February 26, 2004, Yeager submitted a Restitution Claim Form under cause number 02D04-0402-FD-82 ("Cause No. 82") indicating that his total actual losses were $21,700. On May 3, 2004, the Allen Superior Court, Criminal Division, entered a judgment of conviction under Cause No. 82 finding that Webb pled guilty to theft as a class D felony, sentencing Webb to two years with one and one-half years suspended to probation, and ordering that Webb pay Yeager restitution of $21,700.

[3] Under Cause No. 82, in a form filed March 4, 2009 titled Summary of Probation Adult Probation Department Allen County, the comments include:

> Since his release to probation, Mr. Webb has paid the restitution on the current case in full and has continued making consistent restitution payments to the four (4) other victims involved in consecutive cases. He has started his consecutive cause number 02D04-0402-FD-84 and has a one (1) year probation obligation. His original restitution total including cause numbers 02D04-0309-FC-172, 02D04-0402-FD-84, and [Cause No. 82] was

$214,546.81 with a remaining balance of restitution of
$148,796.81.

*Id.* at 66.  Under the heading "FINANCIAL," the form states: "Restitution

Assessed: $1,107.00," and "Balance Due: $0."  *Id.*  Under the heading

"RECOMMENDATION FOR DISCHARGE," there are two options: (1)

"Defendant to be discharged from Probation;" and (2) "Defendant to be

discharged from Probation with a Civil Judgment in the amount of $N/A."  *Id.*

The box for the first option was marked.

[4]     On March 5, 2009, the court entered an order in Cause No. 82 which states:

"The Court, having considered the summary of probation and

recommendations, approves and adopts same.  [Webb] is released from

probation and ordered discharged.  The Clerk is ordered to enter a civil

judgment against _____ for the amount of $_____."  *Id.* at 67.

[5]     On May 12, 2014, Yeager filed a complaint against Webb in the Allen Superior

Court under cause number 02D03-1405-CC-1014 ("Cause No. 1014").  Yeager

alleged that Webb was ordered to pay him $21,700 in Cause No. 82, that Webb

made some payments through the Allen County Probation Department totaling

$2,214, and that Webb still owed him $19,486 "pursuant to the Restitution

Order and judgment entered in" Cause No. 82.  *Id.* at 10.  He requested "a

judgment in [Cause No. 1014] be entered against [Webb] for $19,486.00 plus

interest from the date of judgment in [Cause No. 82], costs, and for all other just

and proper relief in the premises."  *Id.*

[6]     On June 12, 2014, Yeager filed a motion for entry of judgment in Cause No. 1014 requesting the court to enter judgment "as this judgment was already rendered by the Court in" Cause No. 82. *Id.* at 11. On July 3, 2014, Webb filed a motion to dismiss and alleged that the underlying judgment rendered in the criminal court had been paid in full as of 2009. On July 8, 2014, the court denied both Yeager's motion for entry of judgment and Webb's motion to dismiss.

[7]     On October 24, 2014, the prosecutor filed a motion to correct the record with an attached affidavit of Eric Zimmerman, chief probation officer for the Allen County Probation Department,[1] in Cause No. 82 requesting that the court correct "the Release from Probation by showing a Judgment for Restitution in the amount of $20,593.10 against" Webb. *Id.* at 69. In November 2014, the court entered an order granting the State's motion, specifically stating:

> The Summary of Probation filed on March 4, 2009, shows $1,107.00 in assessed restitution and $0 as the balance due. This is incorrect. The correct amount of assessed restitution is $21,700.00. The correct amount of balance due is $20,593.00. Therefore, the Court corrects its own record and orders a Judgment of Restitution in the amount of $20,593.00 in this cause as of March 4, 2009.

---

[1] The record does not contain a copy of the affidavit.

*Id.* at 47. In December 2014, Webb filed a Motion to Reconsider, to Vacate, to Correct Error and for Relief from Judgment.

[8] On January 7, 2015, the court held a hearing in Cause No. 82 and stated that it did not intend to create a new judgment by entering the November 2014 order and vacated that order. The court asked Webb's counsel whether the restitution of $20,000 "just disappears" because the probation department made an error. *Id.* at 104. Webb's counsel stated that there was "plenty of opportunity" for Yeager to "come in" and that there were constitutional issues. *Id.* Counsel argued that

> even if there was a mistake by Probation it was approved by the Court, a final order was entered, and even if there was a mistake there's just no jurisdiction to go back. You know, timely efforts to reinstate a judgment or a mistake must be made and there's nothing in the statutes or the case law that allows the Court or the prosecutor to go back more than five years to change that.

*Id.* at 105. After some discussion, the following exchange occurred:

> COURT: Okay, I do agree with the State that not only does the Court have the ability to correct its own record, it has an obligation to correct its own record, and the Summary of Probation, based on the sworn affidavit from the Chief Probation Officer of Allen County Adult Probation, who is the keeper of records regarding how much restitution was actually collected from [Webb] in this cause and dispersed to [Yeager], that that number was in error. I'm not going to issue a new judgment.
>
> [Webb's Counsel]: Okay.

COURT:  The only thing that my order is going to indicate is that, with respect to the Summary of Probation filed, the restitution assessed was not $1,107.00.

[Webb's Counsel]:  I have no problem with that.

COURT:  That it was $21,700.00.

[Webb's Counsel]:  Yes sir.

COURT:  I will also show that pursuant to the sworn affidavit the amount actually paid by [Webb] was the $1,107.00.  That's how much was actually paid by him according to Probation's account.

[Webb's Counsel]:  According to Probation's records, I have no problem with that either, Your Honor.

COURT:  So – and according to probation records then the balance due on the Summary of Probation should have showed $20,593.00.  At no point in my order will it say that a judgment is ordered in that amount.

[Webb's Counsel]:  Alright, sir.

COURT:  All it's going to show is amount assessed, amount paid, and amount owed pursuant to the accounting of Allen County Adult Probation.  That's what my order will reflect and I'll craft that today and that'll be out today.  From there both sides are free to do whatever they want with it however they choose.

[Webb's Counsel]:  Thank you, Your Honor.

*Id.* at 106-108.

That same day, the court entered an order in Cause No. 82 which states:

> The Summary of Probation filed March 4, 2009, shows $1,107.00 in assessed restitution and $0 as the balance due. This is incorrect pursuant to the sworn affidavit of Chief Probation Officer Eric Zimmerman. Therefore, the Court corrects its own record in this case. The correct amount of restitution assessed at sentencing on May 3, 2004, is $21,700.00. While on probation supervision, the defendant paid $1,107.00 in restitution to the victim through Allen County Adult Probation. The correct balance due on the restitution pursuant to the records of Allen County Adult Probation is $20,593.00.

*Id.* at 75. Webb did not appeal this order.

Meanwhile, on December 5, 2014, Webb filed a motion for summary judgment in Cause No. 1014, arguing in part that "[i]n addition to being res judicata or collateral estoppel against Plaintiff's claims, the 10 year and other statutes of limitations bar bringing this action now, along with laches, waiver, equitable estoppel and lack of standing to modify the criminal court judgment." *Id.* at 21. On December 19, 2014, Yeager filed a motion for summary judgment and in opposition to Webb's motion, and in his supporting brief asserted that Webb owed him $20,593 in restitution.

On February 12, 2015, Webb filed an amended motion for summary judgment in Cause No. 1014, designated his affidavit in which he asserted that all his restitution in Cause No. 82 was paid in full, and Webb again stated that "the 10 year and other statutes of limitations" barred Yeager's complaint. *Id.* at 56. On

March 5, 2015, Yeager filed an amended motion for summary judgment and in opposition to Webb's motion for summary judgment, again asserting that Webb had paid a total of $1,107 towards the judgment and that the principal amount remaining was $20,593. On March 16, 2015, Webb filed a response to Yeager's motion for summary judgment.

[12] On May 11, 2015, Yeager filed a motion to supplement summary judgment motion and motion to amend designation of evidence, which designated the supplemental affidavit of Eric Zimmerman, in which Zimmerman stated that the probation department contacted Yeager after receiving a letter dated April 21, 2005, signed by Yeager indicating that Webb had paid full restitution, it was subsequently revealed that Webb had not paid the restitution owed, the Summary of Probation incorrectly stated that the restitution assessed was $1,107, the balance due was $20,593, and that the portion of the Summary of Probation stating that the clerk is "ordered to enter a civil judgment against _____ for the amount of $," is used only for unpaid probation user fees or public defender fees and does not address restitution. *Id.* at 124. Yeager's letter dated April 21, 2005 attached to the affidavit states:

> In a court case involving Fred Webb and myself, Thomas A. Yeager, it was determined as part of his punishment, that full restitution was to be made for the crime committed by Mr. Webb. I am glad to say that Mr. Webb has satisfied his debt to me with respect to this criminal case.

*Id.* at 125. Also attached was a letter from Yeager dated May 23, 2005, which said:

Regarding the letter written to the Allen County Adult Probation department, by myself, Fred Webb has not physically given me a check and/or money satisfying his debt to me. As I explained to you during our phone conversation today, this agreement came about as an employer/employee arrangement. It is my understanding that since a judge has not approved this arrangement, my agreement with Fred has no standing with the court and thus please disregard the original letter.

*Id.* at 126.

[13] On June 2, 2015, the court denied Webb's motion for summary judgment, granted Yeager's motion for summary judgment, and entered judgment for Yeager and against Webb in the sum of $19,486. Specifically, the order states:

2. [Webb] was convicted of theft on May 3, 2004 and ordered to pay restitution in the sum of $21,700.00 in the Allen Superior Court, Cause No. [82].

3. On February 26, 2009, a Summary of Probation was filed in said Cause, showing restitution assessed at $1,107.00 and a balance due of $0. [Webb] had paid $1,107.00 towards restitution by that date.

4. On March 5, 2009, [Webb] was released and discharged, adopting the Summary of Probation and recommendations filed on February 26, 2009.

5. The Court takes judicial notice that in the Criminal case, after the instant case was filed, [Webb] filed a Motion to Reconsider, to Vacate, to Correct Error and for Relief for Judgment on December 18, 2014.

6. Previously, the Allen County Prosecutor filed on October 24, 2014, requesting that the amount of restitution owing be corrected to $20,593.00.

7. Among the designated materials was a transcript of the hearing held by Magistrate Keirns on January 7, 2015.

8. In that transcript, from page 7, line 7, through page 9, line 12, [Webb's counsel] acknowledged that the original amount of restitution ordered was not $1,107.00, but $21,700.00, and that [Webb] paid $1,107.00, leaving a balance of $20,593.00.

9. Magistrate Keirns' Order determining that the correct balance of restitution was $20,593.00 is attached.

10. All of this was done while the instant case was pending.

11. [Webb] has **not filed** any appeal from the January 5, 2015 Order.[2]

12. [Webb's] Motion for Summary Judgment in this cause maintains the March 5, 2009 Order in the criminal case was a final order and that there is no restitution to enforce.

13. He further argues that the January, 2015 Order was void because [Webb] was not personally present. He was.

14. [Yeager], in his Motion for Summary Judgment, argues that [Webb] maintaining in this action that he owes no restitution by reason of the filing of February 26, 2009 and the March 9, 2009

---

[2] It appears that the court was actually referring to the January 7, 2015 order.

Order is disingenuous in that in the transcript quoted above [Webb's counsel] acknowledged there the amount of the restitution was $20,593.00.

15. The Court notes that the proper method of attacking the January 15, 2015 Order would have been to appeal it, and not to challenge its validity in this case.[3]

16. As to [Webb's] Motion for Summary Judgment, the Court finds that there are genuine issues of material fact and that [Webb] is not entitled to Judgment as a matter of law; and said Motion for Summary Judgment is **DENIED**.

17. That as to [Yeager's] Motion for Summary Judgment, the Court finds that there are no genuine issues of material fact and that [Yeager] is entitled to Judgment as a matter of law; and [Yeager's] Motion for Summary Judgment is **GRANTED**.

18. There being no reason for further delay, the Court enters a judgment for [Yeager] and against [Webb] in the sum of $19,486.00; Costs to [Webb].

*Id.* at 154-155.

[14] On June 23, 2015, Webb filed a motion to correct errors, on July 10, 2015, Yeager filed a motion in opposition, and on July 13, 2015, the court denied Webb's motion.

---

[3] Again, it appears that the court was referring to the January 7, 2015 order.

## *Discussion*

[15] The issue is whether the trial court erred in entering summary judgment in favor of Yeager. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973.

[16] Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 materials. *Catt v. Bd. of Comm'rs of Knox Cnty.*, 779 N.E.2d 1, 3 (Ind. 2002). The entry of specific findings and conclusions does not alter the nature of a summary judgment which is a judgment entered when there are no genuine issues of material fact to be resolved. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind. 1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.* The fact that the parties make cross-motions for summary judgment does not alter our standard of review. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997), *trans. denied*. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

Webb argues that: (A) Yeager's complaint was untimely; (B) the court in Cause No. 82 did not have jurisdiction to enter the January 7, 2015 order; and (C) genuine issues of material fact precluded the entry of summary judgment.

A. *Timeliness*

Webb's initial motion for summary judgment filed on December 5, 2014, and his amended motion for summary judgment, both asserted that Yeager's complaint was barred by the ten-year statute of limitations and other statutes of limitations without specifying a specific statute. On appeal, Webb asserts that ten years had passed and that the judgment lien expired.

To the extent this case stems from the May 3, 2004 restitution order and requires that we interpret Ind. Code § 35-50-5-3, which governs restitution orders, we observe that "[c]lear and unambiguous statutes leave no room for judicial construction." *Basileh v. Alghusain*, 912 N.E.2d 814, 821 (Ind. 2009). But when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus open to judicial construction. *Id.* If the statutory language is clear and unambiguous, we require only that the words and phrases it contains are given their plain, ordinary, and usual meanings to determine and implement the legislature's intent. *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 297 (Ind. 2008), *reh'g denied*. Courts may not "engraft new words" onto a statute or add restrictions where none exist. *Kitchell v. Franklin*, 997 N.E.2d 1020, 1026 (Ind. 2013).

[20] Ind. Code § 35-50-5-3(b) provides that a restitution order "is a judgment lien that . . . may be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the person's assignee . . . and . . . expires . . . in the same manner as a judgment lien created in a civil proceeding."[4]  Generally, a judgment lien expires after ten years.  *See Ryan v. Janovsky*, 999 N.E.2d 895, 899 (Ind. Ct. App. 2013) ("Pursuant to statute, judgment liens expire after ten years.") (citing Ind. Code § 34-55-9-2), *trans. denied*; *see also JPMorgan Chase Bank, N.A. v. Claybridge Homeowners Ass'n, Inc.*, 39 N.E.3d 666, 672 (Ind. 2015) (referring to Ind. Code § 34-55-9-2 as the "judgment lien statute" and observing that Ind. Code § 34-55-9-2 provides that "[a]ll final judgments for the recovery of money or costs . . . constitute a lien . . . until the expiration of ten (10) years after the rendition of the judgment").

[21] While a *judgment lien* expires after ten years, a *judgment* still exists, and the judgment does not expire for twenty years.  *See* Ind. Code § 34-11-2-12 (titled

---

[4] At the time that the May 23, 2004 judgment in Cause No. 82 ordering that Webb pay restitution of $21,700 was entered, Ind. Code § 35-50-5-3(b) similarly provided that "[a] restitution order under subsection (a) or (i) is a judgment lien that . . . may be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the person's assignee . . . and . . . expires . . . in the same manner as a judgment lien created in a civil proceeding."

In its entirety, Ind. Code § 35-50-5-3(b) currently provides:

> A restitution order under subsection (a), (i), (j), (l), or (m), is a judgment lien that:
>
> > (1) attaches to the property of the person subject to the order;
> > (2) may be perfected;
> > (3) may be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the person's assignee; and
> > (4) expires;
>
> in the same manner as a judgment lien created in a civil proceeding.

"Satisfaction of judgment after expiration of twenty years" and providing that "[e]very judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years"); *Wininger v. Purdue Univ.*, 666 N.E.2d 455, 458-459 (Ind. Ct. App. 1996) (holding that "the restitution order is the practical equivalent of a civil money judgment, and for purposes of the restitution statute, I.C. 35-50-5-3, it substitutes for the civil judgment which is normally the basis for a judgment lien" and that the trial court correctly decided that the victim "could enforce the restitution order in the same manner as if the order were a civil money judgment"), *reh'g denied*, *trans. denied*; *Needham v. Suess*, 577 N.E.2d 965, 968 (Ind. Ct. App. 1991) ("We do note that the expiration of the lien does not prevent Suess from collecting the judgment from her ex-husband. Although, under I.C. 34-1-2-14, the lien on the property has expired, the judgment debtor has twenty years to collect the judgment.").

[22] The record reveals that the restitution order in Cause No. 82 was entered on May 3, 2004, and that Yeager filed his complaint in Cause No. 1014 on May 12, 2014. While the judgment lien expired, we conclude that Yeager could still enforce the judgment as the judgment had not expired by the time he filed his

complaint.[5]  *See* Ind. Code § 34-11-2-12; *Wininger*, 666 N.E.2d at 458-459; *Needham*, 577 N.E.2d at 968.

B.  *January 7, 2015 Order*

[23]  We next turn to whether the court in Cause No. 82 had the authority to correct its own record in the January 7, 2015 order.  Webb argues that the trial court in Cause No. 82 did not have authority or jurisdiction to alter the judgment of his release or discharge following the 2009 order because the court did not and could not retain continuing jurisdiction, and no statute or rule allows for the modification of the 2009 order.  He also argues that Ind. Code § 35-50-5-3(j) allows modification for only five years after sentencing, and that the trial court stated that the parties and the civil court were free to decide what to do with the new order changing the Summary of Probation and did not state that it was modifying the 2009 order.  He contends that "[c]onsequently, there did not exist any need, right or ability to appeal his change of internal Probation records, as opposed to not changing that court final order/judgment in 2009."  Appellant's Brief at 26.  Last, he asserts that even assuming there was jurisdiction to modify the Probation records, those changes have no legal effect on him and do not permit summary judgment against him.  Yeager argues that restitution orders

---

[5] Webb makes a passing reference to *laches* in his brief on appeal, but he does not further develop the argument.  Consequently, this issue is waived.  *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to provide cogent argument), *reh'g denied*, *trans. denied*.

survive the expiration of the probationary period and that the court that ordered restitution must have jurisdiction to ensure an accurate accounting.

[24] Generally, "[a]fter final judgment, a court retains only such continuing jurisdiction as is permitted by the judgment itself or as is given the court by statute or rule." *King v. State*, 720 N.E.2d 1232, 1234-1235 (Ind. Ct. App. 1999) (citing *Marts v. State*, 478 N.E.2d 63, 65 (Ind. 1985)). Ind. Code § 35-50-5-3(f) provides that "[r]egardless of whether restitution is required under subsection (a) as a condition of probation or other sentence, the restitution order is not discharged by the completion of any probationary period or other sentence imposed for a felony or misdemeanor."[6] *See also Wininger*, 666 N.E.2d at 457 ("Generally, once a term of probation has expired, the court loses all jurisdiction over the defendant and is powerless to enforce any conditions of the probation, even though it is aware the defendant has failed to meet a condition. However, the expiration of a probation period does not terminate an obligation to make restitution to a crime victim.") (citation omitted). Given that the restitution order is not discharged by the completion of any probationary period or other sentence, we conclude that the trial court had continuing authority to address the amount of restitution due, and its January 7, 2015 order did not modify the sentence or restitution imposed by the 2004 sentencing order;

---

[6] Ind. Code § 35-50-5-3(f) has not been amended since the May 23, 2004 judgment ordering that Webb pay restitution.

rather, it merely clarified the amount of restitution still due.[7] Moreover, Webb did not appeal the January 7, 2015 order.[8] Under the circumstances, we cannot say that the trial court lacked authority to address the amount of restitution due.

C. *Issues of Fact*

[25] We next address the court's grant of Yeager's motion for summary judgment. Webb asserts that "at one point in time all four persons/entities involved in this case said the restitution was paid in full" and that these persons/entities include

---

[7] To the extent Webb cites Ind. Code § 35-50-5-3(j), we observe that that subsection discusses restitution orders following a conviction for identity deception and the court's ability to enter a restitution order after sentencing based upon additional expenses incurred as a result of the commission of such an offense. Given that the trial court did not enter a restitution order after sentencing and Webb was not convicted of identity deception, we cannot say that Ind. Code § 35-50-5-3(j) is instructive.

To the extent that Webb cites *King v. State* for the proposition that the trial court did not have the authority to alter the judgment of Webb's release or discharge, we find *King* distinguishable because it addressed whether a trial court erred when it enhanced the defendant's conviction from criminal recklessness as a class A misdemeanor to criminal recklessness as a class D felony after revoking his probation and did not address a clarification as to the amount of restitution still due. *See King*, 720 N.E.2d at 1233. Webb also cites *Moss v. State*, 6 N.E.3d 958 (Ind. Ct. App. 2014), *trans. denied*. We find *Moss* distinguishable because it addressed whether a trial court erred in denying a motion to dismiss an enhancement to a class C felony for the defendant's charge of possession of a handgun without a license due to a prior felony conviction that was later modified to a misdemeanor and did not address restitution.

[8] In this appeal, Webb does not challenge the trial court's finding that he did not appeal the January 7, 2015 order. Without specific citation to the record, he argues that the January 7, 2015 order is "fatally flawed" in part because the matter was set for a miscellaneous hearing on the motion to vacate, it was not set for a hearing on the State's motion to correct the record, Webb "was not present (according to his affidavit)," and the court improperly accepted evidence in the form of an affidavit from Zimmerman. Appellant's Reply Brief at 11. He asserts that the "pronouncement of the use of Zimmerman's affidavit at that time, did not require an objection under due process rights that cannot be waived. Thus, the failure to render due process renders that January 7, 2015, void and not requiring an appeal, even if it was otherwise appealable." *Id.* at 12. While Webb references his affidavits, these do not contend that he was not present at the January 7, 2015 hearing. Further, the transcript of the January 7, 2015 hearing indicates that Webb was present in person. We also cannot say that Webb developed a cogent argument. Accordingly, this argument is waived. To the extent he argues that the 2009 order was a final judgment and *res judicata* and precludes Yeager from bringing any action, we observe that the January 7, 2015 order essentially corrected the 2009 order and Webb did not appeal this order.

the Probation Department (including Zimmerman), the court in Cause No. 82, Webb, and Yeager. Appellant's Brief at 17. Yeager asserts that Webb presented no evidence of payment of the restitution amount, every possible party involved agreed that the restitution due is $20,593, Webb had no problem admitting that $20,593 was the amount due and owing at the January 7, 2015 hearing, and Webb did not appeal the subsequent order.

[26] We find the fact that Webb did not appeal the January 7, 2015 order dispositive. "*Res judicata*, whether in the form of claim preclusion or issue preclusion (also called collateral estoppel), aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). "'[A] "privy" is one who after rendition of [a] judgment has acquired an interest in the subject matter affected by the judgment,' or 'whose interests are represented by a party to the action.'" *Id.* at 700-701 (quoting *MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 196 (Ind. Ct. App. 2010)). "[A]n entity does not have to control a prior action . . . for privity to exist." *Id.* at 701 (quoting *MicroVote Gen. Corp.*, 924 N.E.2d at 196). "[I]n determining the parties for res judicata purposes, [the] court looks beyond the nominal parties and treats those whose interest[s] are involved as the real parties." *Id.* (quoting *MicroVote Gen. Corp.*, 924 N.E.2d at 196). The prime consideration is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral

estoppel. *Bonham v. State*, 644 N.E.2d 1223, 1226 (Ind. 1994), *reh'g denied*. For principles of *res judicata* to apply, there must have been a final judgment on the merits and that judgment must have been entered by a court of competent jurisdiction. *Sweeney v. State*, 704 N.E.2d 86, 94 (Ind. 1998), *cert. denied*, 527 U.S. 1035, 119 S. Ct. 2393 (1999).

[27] The designated evidence reveals that the court in Cause No. 82 entered an order on January 7, 2015 providing that the correct balance due on the restitution was $20,593. Webb was a party to the order and did not appeal it. Thus, *res judicata* bars relitigation of the amount of restitution. *See Huber v. Franklin Cnty. Cmty. Sch. Corp. Bd. of Trustees*, 507 N.E.2d 233, 236 (Ind. 1987) ("[T]he Taxpayers Association did not appeal and thus the doctrine of *res judicata* bars relitigation of that determination."); *Pringle v. Standard Life & Acc. Ins. Co.*, 181 Ind. App. 315, 323, 391 N.E.2d 677, 682 (1979) ("We cannot reach the merits of these arguments, however, because we agree with appellees that the Pringles are barred by the doctrine of Res judicata from collaterally attacking the Oklahoma court's decision that it had jurisdiction over the Pringles and their claim . . . ."). Accordingly, we cannot say that a genuine issue of fact exists or that the trial court erred by entering summary judgment in favor of Yeager.[9]

---

[9] We observe that there appears to be a discrepancy regarding the amount of restitution. Yeager's complaint requested a judgment of $19,486, and the court's order granting summary judgment entered judgment for Yeager in the amount of $19,486. While Yeager's complaint asserted that Webb "made some payments through the Allen County Probation Department totaling $2,214.00," Appellant's Appendix at 10, and requested a judgment of $19,486, Yeager asserted in his motions for summary judgment that he was due $20,593, and asserts on appeal that the Allen County Adult Probation "erroneously credited Webb twice for the payments totaling $1,107.00, which improperly showed payments totaling $2,214.00, for a balance of

### Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment.

Affirmed.

Kirsch, J., and Mathias, J., concur.

---

$19,486.00 rather than the correct amount of $20,593.00." Appellee's Brief at 4. Nonetheless, Yeager does not appeal the trial court's award of $19,486 and requests that the trial court's decision "be affirmed in all respects." *Id.* at 24.